# SUPREME COURT.

## EDMUND HAYNES and others agt. ALLEN MOSHER.

The requisites of an affidavit on taxation of costs, to support the charges for the travel and attendance of witnesses, are well stated by Mr. Justice BALCOM, in *Wheeler* agt. *Lozee*, (12 *How.* 446.) It should appear that each of the witnesses, for whom fees are claimed, was a material and necessary witness for the party upon the trial of the action; that each actually attended the court as such witness the number of days specified, and actually travelled the number of miles specified, for the purpose of attending as such witness in the action, and in returning from the trial.

Where it appears that witnesses were not sworn on the trial, that fact furnishes presumptive evidence that they were not necessary. Before the party can be allowed for the travel of such witnesses, it is incumbent on him to overcome this presumption by showing how it happened, if they were material and necessary witnesses for him, that he was able to dispense with their testimony on the trial.

It is the duty of the taxing officer to see that the prevailing party recovers no more for the expenses of witnesses, than he has himself actually and in good faith incurred. The object of the law is *reimbursement*, not profit.

In an action to recover the possession of lands, the *surveyor's fees* in procuring the boundaries of the land, is not a *disbursement* in the action, which the prevailing party has a right to charge in his costs. It is only when the survey is a part of the proceedings in the action, as in the case of partition or admeasurement of dower, that the surveyor's fees are taxable as disbursements.

*Albany Special Term, June,* 1857.

MOTION for retaxation of costs.

THE action was brought to recover the possession of lands. It was tried upon an issue of fact, at the Rensselaer circuit, in June, 1857. The trial resulted in a verdict for the defendant.

Upon the taxation of the costs, the defendant was allowed for the attendance of *nineteen* witnesses. The aggregate number of days allowed was 106, and the whole number of miles allowed for the travel of the witnesses was 668. The defendant was also allowed $48, for surveyor's fees. These charges having been duly objected to on the taxation, the plaintiffs moved for a retaxation.

JOHN J. VIELE, *for plaintiffs.*
MARTIN I. TOWNSEND, *for defendant.*

HARRIS, Justice. The motion for a retaxation of the costs, must be granted. The affidavits in support of the charges for the travel and attendance of witnesses, are entirely insufficient to justify the allowance of such charges. The requisites of the affidavit in such cases are well stated by Mr. Justice BALCOM, in *Wheeler* agt. *Lozee,* (12 *How.* 446.) (*See also Logan* agt. *Thomas,* 11 *How.* 160.) It should appear that each of the witnesses, for whom the party entitled to costs claims to be allowed, was a material and necessary witness for the party upon the trial of the action, that each witness actually attended the court as such witness the number of days specified, and actually travelled the number of miles specified, for the purpose of attending as such witness in the action, and in returning from the trial. It was shown in this case, in opposition to the allowance, that a large number of the witnesses were not sworn upon the trial. This fact furnishes presumptive evidence that the witnesses were not necessary. Before the defendant could be allowed for the travel and attendance of such witnesses, it was incumbent on him to overcome this presumption, by showing how it happened, if they were material and necessary witnesses for him, that he was able to dispense with their testimony on the trial. (*See Dean* agt. *Williams,* 6 *Hill,* 376.) In all such cases, it is the duty of the taxing officer to see that the prevailing party recovers no more for the expenses of witnesses than he has himself actually and in good faith incurred. The object of the law is *reimbursement,* not profit. There

should be no more allowed for witnesses' fees than the party in whose favor the allowance is made, has actually paid or rendered himself liable to pay to procure testimony which he deemed material and necessary. This should be the criterion by which, in all cases, the officer should be governed. He should be satisfied, and that too by legal evidence, that the party applying to have witnesses' fees allowed, has himself actually incurred the amount he claims. Nothing short of the proof to which I have referred, can properly be deemed sufficient.

The charge for surveyor's fees was improperly allowed. The party incurred the expense for his own benefit. He had the surveys made in order that he might know his rights and be prepared to protect them. Such surveys may have been made before or after the suit was commenced. In either case, the expense was not a disbursement in the action. In most actions relating to the boundary of lands, the parties employ surveyors and avail themselves of their testimony. But the amount paid them for their services, is no more a disbursement in the cause, than the amount paid to counsel for their services. It is only when the survey is a part of the proceedings in the action, as in the case of partition or admeasurement of dower, that the surveyor's fees are taxable as disbursements. The taxation must be set aside, and the costs retaxed upon the usual notice.