## GILMAN *a.* OLIVER.

*New York Superior Court; General Term, April,* 1862.

### COSTS.—STENOGRAPHER'S FEES.

The fees of a stenographer, whose employment is directed by the court under section 256 of the Code of Procedure, cannot be taxed as costs in the cause.

Appeal from an order denying a motion to amend a bill of costs.

The action was brought by Julius S. Gilman against Isaac J. Oliver.

At the trial of the action, the court directed the employment of a stenographer, under section 256 of the Code—half the expense to be paid by each party. On taxing the costs, the defendant, in whose favor judgment was rendered, claimed to be allowed the amount paid by him to the stenographer. The clerk refused to insert this item in the bill of costs, and the defendant moved at special term to correct the bill of costs by inserting such item. The motion was denied, and the defendant appealed.

*E. R. Robinson,* for the appellant.

*Comstock & Hartwick,* for the respondent.

BY THE COURT.*—MONCRIEF, J.—Section 256 of the Code provides, that in the First Judicial District, "the courts may direct the employment of a stenographer in such cases as appear to them to require it, and may order the expenses occasioned thereby to be paid by the parties, not exceeding, however, five dollars a day to each party."

We understand from the papers, that in this case, the court directed the employment of a stenographer, and ordered, that

---

* Present, BARBOUR, MONCRIEF, and MONELL, JJ.

each party should pay half of such expense, that the order allowed a *per diem* compensation of $10, and that the cause was tried in a day. That under this order the stenographer performed the services he was employed to perform, and that in obedience to this order, the defendant paid to the stenographer the sum of five dollars, which sum he now claims a right to tax in his costs as a necessary disbursement.

The first objection to this claim is, that the defendant now seeks to recover from the plaintiff the sum of five dollars, which, by an order in the cause, he was directed to pay personally.

To allow this claim, is to permit him to recover the amount of this item from the plaintiff, contrary to the terms of this order, and in opposition to it.

If the Legislature had not designed this order to be final and absolute in respect to the rights and liabilities of the parties on account of moneys paid under it, we should naturally expect there would have been some further provisions to indicate that such was not the design. The provision empowering the courts to direct the employment of a stenographer, fix his compensation and order its payment, is incorporated into the Code, by amending its 256th section (*Laws of* 1860, 785, § 8), and not by amending any section relating to the subject of costs. It was necessary to provide some mode of securing payment of this compensation, and the means of enforcing payment; and if the Legislature had intended that the prevailing party should recover the moneys paid to the stenographer, as a disbursement, we should expect that the act would have so declared, or at least have contained some provision justifying the inference of such an intent. But, instead of that, this statutory provision, which provides fully for the whole matter, confers no discretionary authority upon the court in respect to the party who is to be ordered to pay the expense. The order directing the employment of a stenographer, fixes the liability of the parties in regard to the expense, and it is as truly final as any order in the cause which the court is authorized to make.

It is a special provision, not affecting suitors generally, but only parties to actions pending in the First Judicial District. It is not an expense to which parties in any other Judicial District can be subjected; and it seems to have been enacted on the theory that in the discretion of the court, in causes in the

First Judicial District, the parties may be subjected to this expense with advantage to both of them, and that they should bear it equally, no matter which party eventually succeeded.

The defendant cannot recover the five dollars of the plaintiff, unless he may recover it without any law in terms authorizing him to do so, but in opposition to the terms of an order in the cause directing him to bear the expense personally, which order is made under and in conformity to a statute relating to the precise matter, and being the whole and only law affecting the question.

While the counsel for the appellant differs from this conclusion (as held by Bosworth, Ch. J., in Arnoux *a.* Phelan, 21 *How. Pr.*, 88), he has not pointed to any adverse view except as stated in *The Transcript*, March 18, 1861 (Reynolds *a.* The Mayor, &c.), in which Judge Hilton is reported as deciding "that the amount paid for stenographer's fee might be allowed to the prevailing party on the adjustment of costs as a necessary disbursement; that the mode of payment at the trial being one half by each party, was only for the security of the stenographer and for the protection of the court that directs him to be employed, and that it could not alter the rule that costs are given as an indemnity for a party's expenses, and of course includes such an expense."*

This security to the stenographer and protection to the court would be as ample if the statute directed, or the court could

---

* In Reynolds *a.* The Mayor, &c., of New York (*New York Common Pleas; At Chambers, March,* 1861), it was *Held,* that the amount paid for stenographer's fee should be allowed to the prevailing party on the adjustment of costs as a necessary disbursement.

This was an action brought by Catherine Reynolds against the Mayor, Aldermen, and Commonalty of the city of New York, to recover damages for personal injuries received by being thrown from a wagon in consequence of a defect in one of the public streets of the city. The plaintiff obtained a verdict for $75. On the adjustment of costs the clerk declined to allow the plaintiff the amount paid by her as stenographer's fee. The plaintiff now applied to the court to insert in the costs as adjusted the amount so paid.

*R. B. Roosevelt,* for the plaintiff.

*W. C. Trull,* for the defendants.

Hilton, J., decided orally, that the amount paid for stenographer's fee might be allowed to the prevailing party, on the adjustment of costs, as a necessary disbursement; that the mode of payment at the trial being one half by each party, was only for the security of the stenographer, and for the protection of the

order, the whole sum to be paid by either party, instead of dividing the expense between the parties. Section 311 (§ 256) of the Code, as originally enacted, directed the clerk to insert only "the necessary disbursements allowed by law, including the compensation of referees and the expense of printing the papers upon any appeal." (*Laws of* 1848, 546.)

The amendment of 1849 added, "and fees of officers allowed by law." (*Laws of* 1849, 678.) The necessary disbursements and fees of officers allowed by law are specified and authorized by sections 311, 312, and 313 of the Code, and such parts of the Revised Statutes relating to "services done or performed in the several courts of law and equity in this State by the officers thereof" (2 *Rev. Stat.*, 622), as have not been superseded by the Code.

Neither the Revised Statutes nor the Code at this time (1849) made provision for the fees of witnesses examined on a commission out of this State, or for the other expenses of the commission; and it was held in this court that such fees and expenses could not be inserted in the costs of the prevailing party, not being allowed by law. Such fees and expenses were not taxable under the Revised Statutes.

The necessary disbursement for printing papers required by a rule of the court was not allowed.

The amendment of 1857, directs the clerk to insert .... "the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing when required by a rule of court."

The disbursement, however necessary, and actually paid in good faith by a prevailing party to a commissioner for taking a deposition, would seem to be restricted, and must be confined to a reasonable compensation.

The fees paid to a solicitor for attending the examination of witnesses abroad cannot be inserted as a disbursement. (11 *Ab-*

---

court that directs him to be employed, and could not alter the rule that costs are given as an indemnity for a party's expenses, and of course includes such expense.*

Motion granted.

---

* We are informed that the other judges of the court concurred in this conclusion.

*botts' Pr.*, 152.) Stenographers' fees were not a necessary disbursement allowed to the prevailing party at the time section 311 was enacted or amended; such persons were unknown to the law until the act of 1860; although it was not unusual previous to this time for parties to employ a reporter to take the minutes of a trial.

Section 20 (2 *Rev. Stat.*, 634) is repealed by the Code. (See note, 3 *Rev. Stat.*, 5 ed., 911.)

It is plain that if the prevailing party is entitled, by way of indemnity or otherwise, to his expenses, the Code falls far short of authority to allow very many of his necessary and " actual disbursements."

The order appealed from is clearly right, and must be affirmed with costs.

