## SUPREME COURT.

NATHANIEL S. SEBLEY and another agt. BARRAK T. NICHOLS.

Where a *case* on appeal is proposed, and the respondent makes affidavit that the *stenographer's notes* taken on the trial (or a portion of them) are necessary to enable him properly to *propose amendments* to the case, the expense of procuring such notes is a proper item of taxation in the adjustment of costs at the general term. (SUTHERLAND, J. *dissenting.*)

*New York General Term, June,* 1866.

*Before* BARNARD, *P. J.,* SUTHERLAND *and* CLERKE, *Justices.*

THIS was an appeal from an order denying a motion to strike out of the costs an expense or disbursement of twenty dollars paid for copy stenographer's notes of trial of the

cause, which was taxed by the clerk on adjustment of costs of general term.

The action was tried at circuit—verdict was for the plaintiff. The defendant appealed to the general term and served a proposed case. The affidavit of Mr. Brown shows, that in order to draw the proposed amendments it became necessary to have a copy of the stenographer's notes, which was produced, and twenty dollars (ten cents per folio) paid therefor to the stenographer, and which was the usual charge in such cases.

BROWN & ESTES, *for the plaintiff*,

cited *Code* (§ 311) ; *Finch* agt. *Culvert* (13 *How. Pr. R.* 13).

MILLER, STOUTENBURGH & MILLER, *for defendants.*

*By the court*, CLERKE, J.   I think that whatever conduces to the better prosecution of the controversy *is necessary*. What prudence dictates is *necessary ;* without it the interests of the party would be unsafe.

Order of special term affirmed.

BARNARD, J., concurred.

SUTHERLAND, J., *dissented.*   I am inclined to think that the twenty dollars paid by the attorney for the plaintiff for a copy of the stenographer's minutes, cannot properly be called an expense or disbursement *necessarily* incurred in the action.   It may have been convenient and even prudent for him to procure such copy, but I am inclined to think it cannot properly be said to have been *necessary.*

The special provision in section 256 of the Code, allowing the expense, or one-half of the expense of the copy for the judge, as a disbursement by the prevailing party, tends to show this, I think.   (*See Hamilton* agt. *Butler*, 30 *How. Pr. R.* 36.)

Upon the whole, though considering the affidavit of Mr. Brown, the attorney for the plaintiff, I do not consider the question free from doubt.

I think the twenty dollars paid for the copy of the stenographer's minutes for the plaintiff or his attorney, should be deducted from the bill of costs as adjusted by the clerk, without costs to either party on this appeal.