Flood *v.* Moore.

7, to allow judgment to be taken against him for a specified sum, viz., the amount claimed in the complaint, with costs.

On the next day after the receipt of the offer, the trial came on regularly; the cause was regularly called in its order; and no one appearing for defendant, an inquest was taken by plaintiff's attorney, and a verdict rendered for the plaintiff for the same amount as offered. Plaintiff then had his costs taxed, including costs of trial, and defendant thereupon moved to strike out the costs of trial which were incurred after the offer.

DAVIS, P. J., denied the motion, holding that the "adjustment was correct. The trial came on regularly in less than ten days after service of the offer. Plaintiff was not to be deprived of his trial and costs thereof by reason of the offer in the manner and at the time it was done in this case."

"Adjustment affirmed, with $10 costs."

From the order entered defendant appealed.

*William Riley*, for appellant.

*Simon H. Stern*, for respondent, to show that an offer of judgment, to be effectual, should be served more than ten days before the trial, cited: Pomeroy *v.* Hulin, 7 *How. Pr.* 161; Walker *v.* Johnson, 8 *Id.* 240; *Code*, § 385, *note; Wait's Annotated Code*, 733).

THE COURT held as stated in the head-note.

Order affirmed, with costs and disbursements.

---

## FLOOD *v.* MOORE.

*N. Y. Supreme Court, Third Department; Special Term, February, 1877.*

### COSTS.—DISBURSEMENTS.

The expense of a copy of the stenographer's minutes of a former trial,

Flood *v.* Moore.

obtained for use on a second trial of the same action, is taxable as a disbursement as part of the costs of the prevailing party.

Motion by plaintiff for adjustment of costs.

This was an action by Catharine Flood, as administratrix, against David Moore.

On the first trial of the action the jury did not agree. The attorneys for plaintiff procured from the stenographer a copy of his minutes of the evidence to use on the second trial, and it was so used; and the attorneys showed by affidavit that it was procured in good faith for that purpose.

On the second trial, the plaintiff recovered judgment, and the charge paid the stenographer was included in the plaintiff's costs. This item was disallowed on the adjustment of costs by the clerk, and the plaintiff appealed.

*Amasa J. Parker, Jr.,* for motion.

*Grenville Tremain,* opposed.

WESTBROOK, J.—I was at first inclined to hold that the copy notes should not be allowed as a disbursement. On further reflection, however, I think they should be allowed. Suppose witnesses had been subpœnaed to prove what certain other witnesses swore to on a former trial, and the attorney on taxation testified that they were subpœnaed in good faith because he believed they might be necessary, would they not have been allowed? This motion turns on the same ground.

In anticipation of what might occur on a second trial, the notes were procured. The attorney testifies to the good faith of the procurement, and I think the disbursement is fairly within the letter of the Code.

No costs on motion.