GEORGE MARK et al., Appellants and Respondents, *v.* THE CITY OF BUFFALO et al., Appellants and Respondents.

The attorneys of the parties to an action are authorized to stipulate as to referee's fees. Such a stipulation is "the consent of the parties * * * in writing," within the meaning of the Code of Civil Procedure (§ 3296).

Where such a stipulation has been made, has been acted upon by the referee, and the amount of his fees as so fixed has been paid by the successful party, the court has no power, where neither fraud nor collusion has been shown, to reduce the allowance.

Sums paid for plans and measurements, and for compensation of experts beyond their fees as witnesses, are not properly taxable as "necessary disbursements."

At the commencement of a trial before referees, the parties agreed that a stenographer should be employed, whose fees should be paid by the parties in equal proportions, and his bills were made out accordingly. An extra copy of his minutes was ordered by the referees. This was taxed as an item of plaintiffs' disbursements. *Held* error; that it was fairly covered by the agreement, and so not properly taxable against defendants.

(Submitted November 22, 1881; decided December 13, 1881.)

THESE were cross-appeals from an order of the General Term of the Supreme Court, in the fourth judicial department, made June 29, 1881, which affirmed an order of Special Term, made on motion for retaxation of plaintiffs' costs herein.

The items objected to and the facts in relation thereto, appear in the opinion.

*Beach & Brown* for plaintiffs. The counsel had authority to bind their respective clients by the stipulation made touching the fees of the referees. (Code of Civil Procedure, §§ 1009, 3296; *Chase* v. *James*, 16 Hun, 14; *First Nat. B'k* v. *Tamajo*, 77 N. Y. 478; *Tiffany* v. *Lord*, 40 How. 481; *Quinn* v. *Lloyd*, 36 id. 378; *Hoffenbreth* v. *Miller*, 12 Abb. [N. S.] 221; *Palen* v. *Starr*, 7 Hun, 422; *Ward* v. *Roy*, 69 N. Y. 96; *Baird* v. *The Mayor etc.*, 74 id. 382; *Scott* v. *Middletown, etc., R. R. Co.*, 13 N. Y. Weekly Dig. No. 1, Oct. 28, 1881.) The item of $625.73, paid for stenographers' fees, should not have been stricken from the bill of costs. (*Sebly* v. *Nichols*, 32 How. 182; *Flood* v. *Moore*, 2 Abb. N. C. 9; Code, § 3256; *Watson* v. *The Great West. Ry. Co.*, Law Rep., 6 Q. B. 163; *Buchman* v. *State*, 17 Alb. L. J. 242; *Finch* v. *Calvert*, 13 How. 13; *Lonergan* v. *Royal Ex. Assurance Co.*, 7 Bing. 725; *Collins* v. *Godefroy*, 1 B. & Ad. 950.)

SICKELS — VOL. XLII.　　24

*George Clinton* for defendants.    The attorneys for defendants had no power to enter into the alleged stipulation for fees, and the defendants are, therefore, not bound by their act. (*Taylor* v. *Mayor, etc.,* 11 Abb. Pr. 66, and note to 74; *First Nat. Bk.* v. *Tamajo,* 77 N. Y. 476; *Downing* v. *Marshall,* 37 id. 380; *O'Keefe* v. *Shipherd,* 23 Hun, 171; *Belding* v. *Conklin,* 4 How. Pr. 196; *Wheeler* v. *Westgate,* id. 269; *Hunt* v. *Middlebrook,* 14 id. 300; *Torrey* v. *Hadley,* id. 357; *Supervisor* v. *Briggs,* 3 Denio, 173; *Holmes* v. *St. John,* 3 How. Pr. 166; *Rich* v. *Husson,* 1 Duer, 617; *Chase* v. *James,* 16 Hun, 14; *Mandeville* v. *Reynolds,* 68 N. Y. 528, 540, 541; *Atlantic State Bk* v. *Savery,* 18 Hun, 36.)    Even if the defendants' attorney had power to make the stipulation, still the fees of the referees should have been reduced by the court, by virtue of its general control over the referees, and over the stipulations of the parties.    (Edwards on Referees, 3, 16, 17, 15; *Barry* v. *Mut. L. Ins. Co.,* 53 N. Y. 536; *Becker* v. *Lamont,* 13 How. Pr. 23; *Taylor* v. *Mayor, etc.,* 11 Abb. Pr. 66; *First Nat. Bk.* v. *Tamajo,* 77 N. Y. 476.)  Where the right to costs does not lie in discretion, an appeal may be taken to this court. (*Columbian Ins. Co.* v. *Stevens,* 37 N. Y. 536; *Sturgis* v. *Spafford,* 58 id. 103.)  The order is correct so far as it disallows the items of stenographer's fees, and the fees of expert witnesses, over their mileage and *per diem.* (Code of Procedure, § 311; *Haynes* v. *Mosher,* 15 How. Pr. 216; *Lampman* v. *Hand,* 4 Paige, 120; *Denniston* v. *Vischer,* 5 id. 61; *Adams* v. *Stevens,* 1 Clarke's Ch. 536; *Goodyear* v. *Baird,* How. Pr. 377; *Lowerre* v. *Vail,* 5 Abb. Pr. 227; *Downing* v. *Marshall,* 37 N. Y. 380; *Hanel* v. *Baare,* 9 Bosw. 682; *Hovey* v. *Hovey,* 5 Paige, 551; *N. Y. Trust Co.* v. *Davis,* 10 id. 507; *Moore* v. *Cockroft,* 9 How. Pr. 479; *Goodenow* v. *Livingston,* 1 id. 232; *Perry* v. *Griffin,* 7 id. 263; *Boynton* v. *Dermott,* 3 id. 232; *Hasbrouck* v. *Hasbrouck,* 5 Hill, 495; *Barker* v. *R. R. Co.,* 4 id. 547; *Kenney* v. *Van Horne,* 2 Johns. 107; *Fuller* v. *Mattice,* 14 id. 357; *O'Brien* v. *Ins. Co..,* 38 Sup Ct. 4.)  The stenographer's fees were properly disallowed, for the additional reason that a specific contract was made by

the attorneys that this expense should be borne equally by the parties; and to allow the plaintiffs to tax any portion of them would be to violate that agreement. (*Colton* v. *Simmons*, 14 Hun, 75.)

FINCH, J. We have here a question of costs; in magnitude and importance it is unusual and remarkable. The plaintiffs sued the city of Buffalo and the board of supervisors of Erie county to recover one hundred and fifty thousand dollars, alleged to be due him for granite, dressed and prepared for use in the construction of a city and county hall, about to be erected in Buffalo. The action was referred to three referees, who awarded to the plaintiffs twelve thousand one hundred and forty-seven dollars and sixty-two cents damages. Judgment was entered in plaintiffs' favor for this amount with interest, and the costs of the successful party were taxed at twelve thousand and twenty-five dollars and forty-eight cents, thus very nearly doubling the plaintiffs' recovery. The principal item, going to make up this very serious bill of costs, consists of the fees of the three referees. They were taxed at ten thousand and seven hundred dollars, being at the rate of fifty dollars per day to each of the referees. The right to make this charge was founded upon a written stipulation, signed by the attorneys of the respective parties, and fixing that rate of compensation. The allowance is now contested by the defendants, upon the ground that the attorneys had no power to bind their clients by the stipulation, and upon the further ground that such stipulation is within the general control of the courts, and one against which they can relieve. We should be glad if, upon any just ground, we could reduce an allowance which seems to us open to possible criticism, as being in excess of a reasonable and fair compensation for the services performed. But we do not discover any lawful remedy, and feel compelled to sustain a charge which the defendants very warmly resist, and not without some appearance of reason. The trouble lies in the stipulation signed by their own attorneys. The old Code and the new concur in fixing a definite allowance for each day spent in the business

of the reference (Code, § 313; Code of Civil Procedure, § 3296), but each contains a provision that a different rate of compensation may be fixed by the agreement of the parties, or their consent in writing. It is now said that the parties only, and not their attorneys, can give the required assent. The contrary was held in *Chase* v. *James* (16 Hun, 14), and, at least, assumed and plainly indicated by this court in *First National Bank* v. *Tamajo* (77 N. Y. 478). In that case we decided that the attorneys could not agree to leave the referee to fix his own rate of compensation, but, if an agreement is made at all for a larger rate, it should be made upon the "judgment and professional responsibility" of the "counsel," who "could agree upon a larger rate." In all that properly relates to the conduct of a trial, the attorney represents the party, and is his authorized agent. (*Gaillard* v. *Smart*, 6 Cow. 385; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 635.) The attorney's agreement and stipulation within the boundaries of that authority is the agreement and stipulation of the client, and binds the latter as if he himself had personally made it. The stipulation as to the fees of referees is a proceeding in the conduct of the trial, and one in which the attorney may and should represent his client.

Generally, the latter is not at all cognizant of the just and proper reasons for increasing the statutory rate; still less capable of wisely determining how far that excess should extend. We are of opinion that such an agreement is within the general authority of the attorney, and when made by him is the consent and agreement of the party whom he represents and for whom he acts. In the present case other facts concur to justify the force given to the stipulation. It was made openly and publicly; the attorney who signed it on behalf of the defendants was not only their attorney, but a member of the commission to which, as the agents and representatives of the city and county, was intrusted the construction of the building in question. The litigation was continued through a period of two years without objection raised to the referee's compensation, and it is now made the subject of complaint after actual

payment by the plaintiff, and when the consequent loss to him would sweep away his recovery.

If, as is contended, the Supreme Court had a general con_trol over stipulations like the one in question, these reasons would probably have seriously influenced its discretion. But no such arbitrary power exists as is here invoked. The stipulation was one expressly authorized by law. The right to make it or withhold it is conferred upon the parties and not reserved to the courts. It partakes of the nature of a contract which has been performed both by the referees and the plaintiff. Each has acted on its faith; the former have given their time and labor in reliance upon it, which might otherwise have been withheld; and the latter has paid his money according to its terms. Neither party could be restored to their original position. Whatever of power may reside in the courts over stipulations made in the progress of a trial, it does not reach one already executed and performed, and against which neither fraud nor collusion is shown. For these reasons we feel bound to sustain the taxation of the item in question.

Two items of disbursements were disallowed to the plaintiffs, and form the further subject of their complaint. They presented for taxation as a necessary disbursement which had been paid by them, an item of over $2,000 for plans and measurements and compensation of experts beyond their fees as witnesses. Some very decided authority, or direct and definite mandate of the legislature would be necessary to compel us to yield to such a claim. We know of neither, and none have been brought to our attention. The Code (§ 311) allows "necessary disbursements." Those here claimed were in no sense necessary, and were not disbursements in the action. (*Haynes* v. *Mosher*, 15 How. Pr. 216; *Case* v. *Price*, 17 id. 351; *Hanel* v. *Baare*, 9 Bosw. 683.) If allowed, the precedent would draw after it the expense of every preparation for trial, and open the door to a flood of evil.

The remaining item disallowed was a sum of $625 for a copy of the stenographer's minutes of the trial, claimed to have been furnished to the referees upon their order. The stenographer

employed was not the official stenographer of the court, but was hired as any clerk or copyist might have been; and this was done under an agreement made at the commencement of the trial that the fees of the stenographer thus employed should be borne by the parties in equal proportions, each paying one-half thereof. The bills were made out accordingly. Although an extra copy was ordered by the referees, we see no reason why the cost should be taxed against the defendants. If the service was rendered on their order, it was still one fairly covered by the original agreement, and was equally for the benefit of both litigants. Their agreement plainly contemplated all the services of the stenographer to be rendered in the usual and orderly conduct of the trial.

We, therefore, affirm the order of the General Term, but without costs to either party as against the other.

All concur.

Order affirmed.