Lawrence, J.
—This action is brought by the plaintiff against eight defendants, and is an action upon a contract made by the common agent of all the defendants, except the Aikens Newspaper Union, with the plaintiff. The plaintiff succeeded in the action against all the defendants except said Aikens' Newspaper Union, as to whom the complaint was dismissed. Two bills of costs were presented to the clerk for adjustment—one by the plaintiff and the other by the Aikens Newspaper Union, and from the adjustment made by the clerk this appeal has been taken.
An extra allowance was granted to the plaintiff, amounting to five per cent, upon the sum recovered. The referee reported that the plaintiff was entitled to recover judgment against the defendants other than the Aikens Newspaper Union for the sum of $10,998.15, with interest from May 1, 1876, amounting at the date of the report to the sum of $17,298.21. It was claimed by the plaintiff that the allowance should be computed upon the latter sum, and by the defendants that it *90 should be computed upon the former sum, and the clerk sustained the defendants in this respect.
The defendants rely upon the decision made by me in the case of Sinne v. Mayor, &c. of N. Y. (3 Month. L. Bul. 51); but I do not regard that case as in point. That action was brought by the plaintiff, as administratrix, to recover damages for causing the death of her husband, and the amount recovered was $4,500. It was claimed in that case that the allowance should have been based upon that sum, plus the interest thereon, allowed by section 1904 of the Code of Civil Procedure. But I held that the damages recovered were those awarded by the jury, and that the interest which was added by the clerk under section 1904, was not a part of the recovery within the meaning of section 3253 of the Code.
In this case, the amount of the interest is a portion , of the recovery, and the referee has specifically found that up to the time of his report the plaintiff is entitled to recover the sum of $17,298.21. I do not see how the principal sum can be separated from the interest under these circumstances, and I am of the opinion that the total of principal and interest is the amount of the recovery. In the case against the city, above referred to, the interest was not a part of the verdict rendered by the jury. Under section 1904 of the Code, it was added to the sum awarded by the jury by the clerk. Here the interest is a part of the sum awarded by the referee sitting as judge and jury. I am of the opinion that the taxation by the clerk was erroneous in this respect, and that five per cent, should have been allowed upon the full amount of the recovery reported by the referee.
As to the fees of the second referee, the taxation of the clerk was, in my opinion, correct. The plaintiff prevailed in the action, and is entitled to tax those fees as disbursements, actual or prospective, and 1 do *91 not think that, because it is shown that the money has not been actually paid over to the referee, the taxation of those fees can be disallowed, there being no objection as to the amount of the fees taken by either party. Nor do I think that upon this taxation the solvency or insolvency of the plaintiff can be taken into consideration.
I am also of the opinion that the clerk was right in allowing the item of $835, being the one-half of the fees of the first referee, which had been paid by the plaintiff. It was agreed between the parties in the stipulation presented to me, that each side had paid $825 to the first referee before the order of October 15,1883, under which the second referee was appointed, was made. By that order it was expressly provided that the amounts heretofore'paid by the respective parties for referee’s fees and stenographer’s fees shall be taxed by the successful parties as disbursements in the case. That order was entered by consent, and it is too late now—it being admitted that the payment of said sum was actually made—for the defendants to question the amount.
For the same reason, I am of the opinion that the stenographer’s fees before the first referee"should have been allowed by the clerk. The order of October 15 expressly provides for their payment. There seems, however, to be a discrepancy between the amount of these fees as stated in the stipulation and in the bill of costs. In the stipulation, the amount is stated as $1,138.73 ; in the bill of costs as $1,367.97. In the absence of any other proof on the subject, the amount stated in the stipulation should be allowed.
The clerk was right in striking from the bill of costs presented by the defendant, the Aikens Newspaper Union, the sum of $1,500 for fees of the second referee, inasmuch as they had been properly taxed in the plaintiff’s bill. The actual disbursements for stenographer’s *92 fees made by the defendants, I think, should have been allowed, under the peculiar provision of the order of October 15, 1883. But as it does not appear that the whole of the sum sought to be charged was paid by the Aikens Newspaper Union, the clerk was right in not allowing that sum. Proof should be given of the actual amount expended by the Aikens Newspaper Union upon the readjustment, and the amount proved should be allowed.
Let the bills of costs be adjusted in accordance with these views.