## ADAMS v. N. Y., LAKE ERIE & W. R. R. CO.

*N. Y. Supreme Court, First District, Circuit; January, 1888.*

1. *Who liable to stenographer for services upon trial.*] In the absence of special agreement, all the parties to the action are jointly liable to an unofficial stenographer employed to take the official records of the proceedings before a referee, and furnish the parties with copies of the testimony.

2. *The same; effect of special agreement.*] Where the parties agree that the "successful party" shall pay the whole amount of the stenographer's bill, the party who prevails upon the reference and takes up the referee's report and enters judgment thereon with costs, including the stenographer's bill, is the successful party within the agreement, and is alone liable for the full amount, although the judgment is modified on appeal so that no costs can be taxed by either party.

Trial by the court and jury.

Frederick N. Adams brought this action against the N. Y., Lake Erie & W. R. R. Co., and George W. Carhart and Clarence A. Blanchard, to recover compensation for taking stenographic minutes and for making and furnishing copies thereof to the parties upon trial before a referee, of an action between the corporation and the individual defendants herein.

The corporation offered evidence tending to show that at the commencement of the trial before the referee, it was agreed between the parties that the stenographer should take the testimony on the trial and furnish copies to the referee and to the attorneys for the respective parties, and should be paid therefor solely by the "successful party" to the action; and it appeared that the corporation took up the report of the referee and entered judg-

ment thereon, with costs, including the stenographer's bill as a disbursement therein, but that the judgment was modified on appeal, so that no costs were allowed to either party. And the corporation claimed that it had not been the successful party within the meaning of the agreement, while the contrary was maintained by the individual defendants.

The plaintiff denied that any such contract was made.

*Henry W. Sackett*, for the plaintiff.

*McFarland & Platt*, for the corporation, defendant.

*C. Bainbridge Smith*, for the individual defendants.

LAWRENCE, J., charged the jury as follows:

*Gentlemen:*—The stenographer in this case was selected to take the official records of the proceedings before a referee, and, of course, is entitled to a proper compensation for so doing.

There is evidence before you that some conversation was had between the counsel for the respective parties and the stenographer, in the presence of the referee, in regard to the manner in which he should be compensated. One of the counsel suggested that each side should pay half, and the other side suggested that the successful party should pay the whole amount and tax it in the costs. But the stenographer's record does not show that the parties ever came to any such agreement, and I do not understand that the evidence on either side shows, there ever was a positive agreement about it. It was conversation only.

I charge you, that if no agreement was arrived at between the parties, the stenographer is entitled to recover a fair and proper compensation for the work which he did. You are relieved from any discussion as to what the value of this work is, because both sides

agree it was worth $318.70. The interest on that amount is $46, making together a total of $364.70, to which the plaintiff is entitled.

If, however, you can discover in the evidence, that there was an agreement that it should be paid by the successful party alone, then, I charge you that the Erie Company, having taken up and entered judgment upon the report of the referee, may be deemed to be the successful party.

I do not wish to be understood as intimating that I consider that any such agreement was made. It is for you to decide.

There is very strong evidence to the effect, that no definite arrangement was made as to who should pay the plaintiff, and in that event he is entitled to recover from both of the defendants the amount of his fees, with interest, namely, $364.70.

*Defendant's Counsel.*—I desire simply to except to that part of your Honor's charge, in which you stated that if the jury find there was an agreement, that the successful party should pay, then they must find against the defendant, the Erie Company alone.

THE COURT.—I charge you, that if you come to the conclusion that the successful party should pay the fees, then you will find against the defendant, the Erie Company alone; but if you should find there was no definite agreement, then the stenographer is entitled to recover the full amount of his fees against both parties, as they both employed him.

*Defendant's Counsel.*—I ask your Honor to charge, that if the jury believe there was no express agreement, the parties may be considered as having agreed to the usual terms,—that is, according to the plaintiff's evidence, that each party should pay half.

THE COURT.—I refuse so to charge.

### Note on Fees of Stenographers.

*Taxation as a disbursement—copy of minutes ordered by court.*] Where the court appoints a stenographer at the trial and orders the expense to be borne equally by the parties, it cannot be taxed as a disbursement by the prevailing party. Arnoux *v.* Phelan, 21 *How. Pr.* 88.

Under Code Pro., § 256,—providing that the court may direct the employment of a stenographer, if thought necessary, and may order the expense occasioned thereby to be paid by the parties, the stenographer's fees or the share thereof paid by the successful party, as directed by the court, cannot be taxed by him as a necessary disbursement. Gilman *v.* Oliver, 14 *Abb. Pr.* 174.

But in Reynolds *v.* Mayor, &c. of N. Y., 14 *Abb. Pr.* 176, *n.,* it was held, by the New York common pleas, that the amount paid for stenographer's fees should be allowed to the prevailing party on the adjustment of costs as a necessary disbursement; that the mode of payment at the trial, being one half by each party, was only for the security of the stenographer and for the protection of the court that directs his employment.

Where the trial judge certifies that on the trial he desired a copy of the stenographer's minutes, and that his fees be taxed as a disbursement, the successful party cannot tax the expense of a copy of the stenographer's minutes procured by him, without showing that it was that copy which was used by the court. Pfandler Barm Extracting Bunging Apparatus Co. *v.* Pfaudler, 39 *Hun,* 191.

Section 289 of the Code of Civil Procedure,—providing that if a "judge requires a copy of any proceedings, written out at length from the stenographer's notes, he may make an order directing one-half of the stenographer's fees therefor to be paid by each of the parties to the action or special proceeding," etc.,—does not limit the time for making such order. Accordingly, where the stenographer's minutes were required for a proper decision of the case, *held,* that the order could be made after the costs had been taxed, and the taxation would be reopened and the costs sent back to be retaxed after the order was made. Abendroth *v.* Manhattan R. R. Co., 9 *Civ. Pro. R.* (*Browne*) 406.

By Code Civ. Pro. § 80, it is provided that "each stenographer, specified in this act, must, upon request, furnish, with all reasonable diligence and without charge, to the judge holding a term or sitting, which he has attended, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon a trial or hearing, at that term or sitting. But this section does not affect a provision of law, authorizing the judge to direct a party or the

parties to an action or special proceeding, or the county treasurer, to pay the stenographer's fees for such a copy."

And by section 289, "if the judge requires a copy of any proceedings, written out at length from the stenographic notes, he may make an order directing one-half of the stenographer's fees therefor to be paid by each of the parties to the action or special proceeding, at the rate of ten cents for each folio so written out, and may enforce payment thereof. If there are two or more parties on the same side, the order may direct either of them to pay the sum payable by their side, for the stenographer's fees, or it may apportion the payment thereof among them, as the judge deems just."

*Cost of copy ordered by party.*] Where it appeared, upon motion to direct the clerk to tax the stenographer's fees for a copy of his trial minutes as a necessary disbursement of the prevailing party, that the minutes were not ordered by him from day to day, and that he had not appealed, and where there was nothing showing the necessity of a copy of the minutes to the party's proceedings in the action,—*Held,* that the motion should be denied, under the circumstances, even if, in any event, such expense would be taxable as a disbursement under Code Pro. § 256. Kahn *v.* Norrie, 4 *Hun,* 72.

Fees paid to the stenographer for minutes of the trial were *held* not taxable, in Provost *v.* Farrell, 13 *Hun,* 303.

*Cost of copy of minutes for use on appealing.*] Where it is necessary for a party to provide himself with a copy of the stenographer's minutes of the evidence and proceedings, upon a trial to enable him to make a case or bill of exceptions, the legal expense incurred in procuring the same properly forms an item in the bill of costs, and is taxable as a necessary disbursement incurred in the prosecution or defense of the action, as the case may be. (*Supreme Ct. Fourth Dept. Special Term*) Varnum *v.* Wheeler, 9 *Civ. Pro. R. (Browne)* 421.

It was early decided by the general term in the first department, in Sebley *v.* Nichols (32 *How. Pr.* 182), that a respondent upon appeal may tax, as a necessary disbursement, the expense of procuring a copy of the stenographer's minutes of trial, where it is shown by his affidavit that the minutes were necessary to enable him to draw the proposed amendments to the case on appeal.

And this is believed to be the prevailing practice, in the first department at least. But in a recent case, the contrary was held by the general term of the fifth department. Pfaudler Barm Extracting & Bunging Apparatus Co. *v.* Sargent, 43 *Hun,* 154; disapproving Sebley *v.* Nichols, 32 *How. Pr.* 182,

An appellant cannot be required by the court to furnish his copy of the stenographer's minutes to the respondent, to enable him to prepare

amendments to the case. Blumenthal *v.* Bloomingdale, 4 *Month. L. Bul.* 45.

Where, upon the trial before a referee, a stenographer was employed and paid by the plaintiff's attorney, and the stenographic minutes were used by the referee upon the trial, and in preparing his report,—*Held,* that the plaintiff's attorney had no right to the exclusive possession of minutes, and that an order was properly made requiring him to deposit them for the purpose of enabling the defendant's attorney to make a case, and also to enable the referee to settle the same, if one was made. Woodworth *v.* Seymour, 16 *Weekly Dig.* 43.

*Minutes of former trial.*] Where, upon a second trial of the same cause, it was stipulated that the testimony of a witness upon the first trial, who had since died, should be read from the stenographer's notes taken at the first trial,—*Held,* that the successful party could not tax the expense of a copy of the minutes as a disbursement, it appearing that the defeated party had obtained and paid for the copy of the minutes from which the testimony was read upon the trial. Spring *v.* Day, 44 *How. Pr.* 390.

But in Flood *v.* Moore, 2 *Abb. N. C.* 91, the contrary was held, and the plaintiffs, recovering upon the second trial, were allowed to tax, as a disbursement, the expense of a copy of the stenographer's minutes of the first trial, which were obtained in good faith for use upon the second trial, and were so used, the court (WESTBROOK, J.), saying: "Suppose witnesses had been subpœnaed to prove what certain other witnesses swore to on a former trial, and the attorney on taxation testified that they were subpœnaed in good faith, because he believed they might be necessary, would they not have been allowed? This motion turns on the same ground."

The cost of copies of stenographer's notes of former trials of the same cause, is not taxable as a disbursement. Hamilton *v.* Butler, 19 *Abb. Pr.* 446.

*Trial before referee.*] A stenographer is not legally known in judicial proceedings, except as an officer of the court, acting under its direction, and subject to its control. On a trial at circuit, the stenographer is such an officer, and acts in his official capacity; but on a trial before a referee, the employment is by the party or parties for his or their accommodation simply, and, therefore, it seems, his fees are not taxable on a trial before a referee, unless it is so stipulated. Varnum *v.* Wheeler, 9 *Civ. Pro. R.* (*Browne*) 421.

The stenographer's fee on the trial of an action before a referee is not a disbursement within the meaning of the law regulating the adjustment of costs, and cannot be taxed without a stipulation between

the parties to that effect. Nugent *v.* Keenan, 53 *Super. Ct. (J. & S.)* 530 ; Byrne *v.* Groot, 5 *Month. L. Bul.* 56.

Where the parties for their mutual convenience agree upon the employment of a stenographer to take the testimony before the referee, and that each shall pay one-half the expense of his services in taking notes of the evidence, such expense or any part thereof cannot be taxed as a "disbursement" by the successful party, within the meaning of the law regulating the adjustment of costs. Colton *v.* Simmons, 14 *Hun,* 75.

Followed in Nugent *v.* Keenan, 53 *Super. Ct. (J. & S.)* 530.

Where, upon the commencement of a trial before a referee, the parties stipulated for the employment of a stenographer whose fees should be paid by the parties in equal proportions,—*Held,* that the expense of an extra copy of the minutes, ordered by the referee for his use, was included in the agreement, and, therefore, not taxable against the unsuccessful parties. Mark *v.* City of Buffalo, 87 *N. Y.* 184.

Where, upon a stipulation that each party has paid a specified sum as one-half the fees of a referee, and a specified sum as stenographer's fees, an order is entered by consent, appointing a new referee, and providing that "the amounts theretofore paid by the respective parties for referee's fees and stenographer's fees shall be taxed by the successful party as disbursements in the case," the finally defeated party cannot question the amounts named, but the successful party is entitled to tax them in his bill of costs. Clegg *v.* Aikens, 17 *Abb. N. C.* 88.

Where such stipulation also provides that each party shall pay one-half the fees of a stenographer to be employed on the new reference, and that the successful party may tax the sum so paid as a disbursement in the case, and plaintiff fails to recover against one of the defendants, though successful as to the others, the successful defendant is entitled to tax the sum actually paid by it for stenographer's fees, but cannot tax the referee's fees, since they are properly taxed in the plaintiff's bill against the other defendants. *Ib.*

*Statute.*] Code Civ. Pro. § 3256 provides : "A party, to whom costs are awarded in an action, is entitled to include, in his bill of costs, his necessary disbursements as follows : the legal fees of witnesses, and of referees and other officers : . . and such other reasonable and necessary expenses, as are taxable, according to the course and practice of the court, or by express provision of law."

*Liability of party to action.*] A client is responsible for stenographer's fees where the stenographer is employed by his attorneys to take the minutes of proceedings before an auditor to whom a surrogate has referred an executor's account ; and it is immaterial whether

the parties, sought to be charged, instituted the proceedings or not. Harry *v.* Hilton, 11 *Abb. N. C.* 448.

— *of attorney.*] The well established rule, that when a person contracts as the agent of another and the fact of his agency is known to the person with whom he contracts, the principal alone, and not the agent, is responsible, applies to the relationship of attorney and client, so that, in the absence of special agreement imposing a personal liability, an attorney for one of the parties to an action cannot be held personally responsible for the services of a stenographer therein. Bonynge *v.* Field, 81 *N. Y.* 159; affi'g 44 *Super. Ct. (J. & S.)* 581.

As a general rule, an attorney will incur no liability by simply requesting a stenographer to take and report the evidence and proceedings upon the trial of an indictment against his client, unless he expressly binds himself for their payment. Bonynge *v.* Waterbury, 12 *Hun,* 534.

Followed in Sheridan *v.* Genet, *Id.* 660.

*Payment.*] Although a stenographer is not obliged to part with his notes of the evidence upon a reference, until his bill has been paid, yet if he do deliver them to the referee to be examined by him and used as the basis of his report, he cannot limit the effect of such delivery, and it is the duty of the referee to file them with his report, even though the fees of the stenographer remain unpaid. Pope *v.* Perault, 22 *Hun,* 468.

The official stenographer cannot require the party, requesting him to write out his minutes of the trial, to pay his fees for so doing in advance, upon a computation or "estimate" of the probable number of folios ; and he can only charge the rate fixed by Code Civ. Pro., § 289, of ten cents for each folio written out, to be ascertained by actual count. Wright *v.* Nostrand, 58 *How. Pr.* 184.

Attorneys, as well as stenographers, are officers of the court, and subject to its orders, and in any case where it is made to appear that an attorney has wrongfully refused to pay the legal charges of the stenographer, the court will protect the latter by a summary order against the attorney. *Ib.*

Code Civ. Pro. § 84, provides that the stenographer's minutes "must be written out at length by the stenographer, if a judge of the court so directs, or if the stenographer is required so to do by a person entitled by law to a copy of the same so written out. Unless such a direction is given, or such a requisition is made, the stenographer is not bound so to write them out."

*Id.* § 86. "Each stenographer, specified in this act, must likewise, upon request, furnish, with all reasonable diligence, to the defendant in a criminal cause, or a party, or his attorney in a civil cause, in which

he has attended the trial or hearing, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law."

*Id.* § 3311. "Except where special provision is otherwise made by statute, a stenographer is entitled, for a copy, fully written out from his stenographic notes, of the testimony, or any other proceeding, taken in an action or a special proceeding in a court of record, or before a judge thereof, and furnished, upon request, to a party or his attorney, to the following fees, for each folio: [after mentioning certain courts, adding] in any other court or case, ten cents."

The provisions of L. 1874, c. 504,—requiring the appellant from a district court in New York city to pay the fees of the stenographer, where the testimony is a necessary part of the justice's return,—were not affected or repealed by Code Civ. Pro. §3047, which relates only to fees of the justice ; and a return will not be compelled where such fees have not been paid. Smith *v.* Ostrander, 4 *Monthly L. Bul.* 87.

Where an action, brought to foreclose a mortgage has been referred and the evidence upon the trial has been taken by a stenographer whose fees have been taxed by the plaintiff as a disbursement, the court may, in its discretion, under Code Civ. Pro. §§ 83, 84, order the plaintiff, when the stenographer's notes are in his possession, to file the same with the county clerk, even though the property has been sold and the judgment and costs fully paid. Horrocks *v.* Thompson, 27 *Hun,* 144.