SEASONGOOD *et al. v.* NEW YORK EL. R. Co. *et al.*, (seven other cases.)

(*Superior Court of New York City, Special Term.*  March 29, 1892.)

TAXATION OF COSTS—UNOFFICIAL STENOGRAPHER'S FEES.

A sum paid an unofficial stenographer for a copy of his minutes of testimony taken in a case tried before a referee cannot be taxed in the costs as a "disbursement," in the absence of any stipulation in the order of reference, or agreement entered into, or entry on the minutes, to the contrary.

Action by Lewis Seasongood and others against the New York Elevated Railroad Company and another, and seven other cases, to recover damages and for an injunction.  After the cases had appeared upon the calendar of the court they were referred to Mr. William H. Willis, referee, to hear and determine.  Judgments were entered on the report of the referee against the defendants, from which judgments defendants appealed to the general term of this court.  On the argument of the appeal before the general term the judgments were affirmed, with costs.  17 N. Y. Supp. 945.  On the 18th day of March, 1892, bills of costs were taxed for the plaintiff.  The clerk of the court, on the objection of defendants' counsel, taxed the amount mentioned in each bill of costs for a copy of stenographer's minutes.  Counsel

for defendants objected to the taxation on the ground that the cases were tried before a referee, and that, as the stenographer was not an official stenographer of the court, there was no authority for the taxation of any sum for stenographer's minutes as a disbursement, and that the disbursements for said minutes were improper and unnecessary. In the orders by which these cases were referred there was no stipulation by which the defendants agreed that the prevailing parties should tax disbursements for stenographer's minutes, nor was any agreement entered into, or entry on the minutes made, as to the expense of procuring stenographer's minutes. Defendants move for a retaxation of the costs. Motion granted.

`Davies, Short & Townsend, (H. J. Hemmens, of counsel,) for the motion. Sackett & Bennett, opposed.

McAdam, J. The stenographer at a reference is not an officer of the court. It was held in the case of *Varnum* v. *Wheeler*, 9 Civil Proc. R. 421, that "a stenographer is not legally known in judicial proceedings, except as an officer of the court, acting under its discretion, and subject to its control. Hence the cases holding that the expense to a party for a copy of the minutes kept by him, in a trial before a referee or other party, where his services are invoked, are not taxable as a necessary disbursement, are not applicable to the case in hand; the employment being by the party or parties for his or their accommodation simply, and therefore a personal charge against the employer; and, unless so stipulated, such expenses cannot be taxed as a necessary disbursement. *Mark* v. *City of Buffalo*, 87 N. Y. 184; *Rust* v. *Hauselt*, 2 N. Y. Law Bull. 6. The rule in reference to a trial had at the circuit is different. There the stenographer is an officer of the court, and acts in an official capacity." In *Nugent* v. *Keenan*, 53 N. Y. Super. Ct. R. 530, it was held that "the stenographer's fee on the trial of an action before a referee is not a disbursement, within the meaning of the law regulating the adjustment of costs, and cannot be taxed without a stipulation between the parties to that effect, (*Newhall* v. *Appleton*, 4 N. Y. Law Bull. 5;) and where the parties on a trial before a referee employ a stenographer to take the minutes, and agree that each party shall pay half the fee, the successful party cannot tax as a disbursement the amount paid by him. *Colton* v. *Simmons*, 14 Hun, 75; *Mark* v. *City of Buffalo*, 87 N. Y. 184." It has been also held that, even where the attorneys for the respective parties agree for convenience to employ a stenographer to take the minutes, each party to pay one half of the expense, the successful party cannot tax costs of such minutes as a disbursement. This was decided in the case of *Colton* v. *Simmons*, 1st Dept. The opinion is written by Davis, P. J., part of which is as follows: "On presenting the bill of costs for adjustment to the clerk, the defendants claimed as a disbursement the sum of $1,847.00, paid by him to the stenographer for his services. The clerk refused to adjust that item, on the ground that it was not a taxable disbursement. The special term has overruled the decision of the court, and directed a taxation of this item. We think the clerk was right in rejecting the item. It was not a disbursement, within the meaning of the law regulating the adjustment of costs. The parties, for their mutual convenience, agreed upon the employment of a stenographer, and that each should pay half the expenses of his services in taking the notes of the evidence. He was not rendering any official service, nor was he acting within any provision of the Code which allows the expense in taking notes or furnishing the parties thereto to be treated as a disbursement in the case. It is very clear that if they had employed under such mutual agreement any clerk of ordinary capacity to take notes for them, and furnish them copies of his notes, the services would not be regarded as a disbursement; nor was it ever known under the former system that charges could be made by one party against the other for the taking of notes of the testimony on the trial. The fact that

the person thus employed was a stenographer, and used a shorter and easier mode of taking notes, could not make any difference in the real applicability to the case. Either party could have employed his own stenographer, and certainly would not have charged the other party with the expense thereby incurred as a disbursement in the action; and the fact that they unite in such employment for the purpose of lessening the expense of each gives no force to the suggestion that what one pays as his proportion can be taxed against the other on the termination of the action." In *Mark* v. *City of Buffalo*, 87 N. Y. 184, above cited, the attorneys for the respective parties at the beginning of the trial agreed that a stenographer should be employed, whose fees should be paid by the parties in equal proportions. An extra copy of his minutes was ordered by the referee. This was taxed as an item of the plaintiff's disbursement. It was held that it was error, in an opinion by Judge FINCH, part of which is as follows: "The stenographer employed was not the official stenographer of the court, but was hired as any clerk or copyist might have been, and this was done under an agreement made at the commencement of the trial that the fees of the stenographer thus employed should be borne by the parties in equal proportion, each paying one half there of. Although an extra copy was ordered by the referee, we see no reason why the costs should be taxed against the defendants. If the service was rendered on their order, it was still one fairly covered by the original agreement, and was equally for the benefit of both litigants." See, also, *Newhall* v. *Appleton*, 4 N. Y. Law Bull. 5. *Adams* v. *Railway Co.*, 20 Abb. N. C. 180, was tried before LAWRENCE, J., and a jury in the supreme court, first district, January, 1888, and the report of the case contains the following: "In the absence of special agreement, all parties to an action are jointly liable to an unofficial stenographer, employed to take the official records of proceedings before the referee, and furnish parties with minutes of testimony." See note to the case last cited. *Hasbrouck* v. *Railroad Co.* was brought in the court of common pleas, and was tried before a referee, and the judgment was appealed from and affirmed at the general term of the court. 16 N. Y. Supp. 384, *mem.* The same question which arises in these cases came up in that case. The clerk refused to tax the amount for stenographer's minutes under the objection of counsel for defendants, and the plaintiff appealed from the taxation. The motion came on to be heard before Chief Justice DALY, and, after a full argument of the question, Judge DALY denied the motion, with costs, in the following opinion: "The expense of procuring a copy of the stenographer's minutes in order to prepare amendments to a case on appeal have been allowed to a respondent upon taxation of his costs of the general term. *Stevens* v. *Railroad Co.*, (Super. N. Y.) 9 N. Y. Supp. 707; *Sebley* v. *Nichols*, 32 How. Pr. 182. It has been held, however, that it is only in the case of official stenographers that disbursements for their fees can be taxed, and that, as to stenographers employed upon a reference, in the absence of a stipulation to that effect, their fees are not taxable as a disbursement. *Mark* v. *City of Buffalo*, 87 N. Y. 184; *Nugent* v. *Keenan*, 53 N. Y. Super. Ct. R. 530. The stenographer here was employed on a reference, and there was no stipulation to tax his fees. Motion denied, $10 costs." The case relied on by the respondent (*Stevens* v. *Railroad Co.*, *supra*) was tried before the court, and is therefore inapplicable. In view of these adjudications, the taxation by the clerk must be reversed, and the item for stenographer's fees disallowed.