JOHN D. CHEEVER, Respondent, *v.* THE PITTSBURGH, SHENANGO AND LAKE ERIE RAILROAD COMPANY, Appellant.

*Costs — fees and mileage of witnesses from another State — officers of a corporation.*

An objection to taxing, in favor of a railroad corporation defendant, the witness fees and mileage of officers of the corporation, who came to the trial from another State, upon the grounds that such officers were not called as witnesses, and that the affidavit in support of the taxation does not state that they attended only as witnesses and not as officers, or that they were deemed

absolutely material and necessary, nor any fact which the defendant expected to prove by them, is not tenable when such affidavit alleges that the persons attended for the purpose of being witnesses, and states the number of miles traveled by them within the State of New York, and it appears that they were not called as witnesses because the action was disposed of at the close of the plaintiff's case.

The object of the law allowing a prevailing party witness fees and mileage is reimbursement and not profit.

When it appears, upon an application to tax costs in favor of a corporation, that the witnesses for whom fees and mileage are charged are officers of the corporation, the affidavit upon which the taxation is claimed should distinctly show, not only that the witnesses have attended, but that the fees have been or will be paid to them.

APPEAL by the defendant, The Pittsburgh, Shenango and Lake Erie Railroad Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 2d day of November, 1893, denying the defendant's motion for a new taxation of its costs and for the allowance of certain items disallowed by the clerk.

*F. S. Smith,* for the appellant.

*A. G. Fox,* for the respondent.

PER CURIAM:

The claim made is that the clerk erred in refusing to tax mileage and witness fees of certain officers of the defendant corporation who came from another State for the purpose of attending as witnesses upon the trial of this action.

The ground upon which it is sought to sustain the order of the court below is that the defendant could not tax the mileage of its officers who came to New York to attend the trial as witnesses upon its behalf. And it is urged that as they were not called as witnesses, and as there is no statement in the affidavit that they attended only as witnesses and not as officers, and because there is no statement that they were deemed absolutely material and necessary, nor any statement of any fact which the defendant expected to prove by them, witness fees and mileage cannot be taxed.

The affidavit of the defendant alleges that each of the persons attended for the purpose of being a witness upon the trial of the case upon various occasions, and also states the number of miles

traveled within the State by the witnesses in question. There is no contradiction of this allegation.

It is true that they were not called as witnesses for the defendant because the defendant admitted the cause of action upon which the verdict was directed, and as to the two other causes of action which were litigated, the complaint was dismissed at the close of the plaintiff's case.

None of the grounds urged upon the plaintiff's points seem to be well taken. But it is manifest that the court below was correct in denying the motion for retaxation for the reason that it is the duty of the taxing officer to see that the prevailing party recovers no more for the expenses of witnesses than he has himself actually and in good faith incurred. The object of the law is reimbursement and not profit. (*Haines* v. *Mosher*, 15 How. 216.)

It is true that the affidavit of the managing clerk in the office of the attorney for the defendant states that the disbursements set forth in schedule A, annexed to and made a part of said affidavit, had been made or incurred at and for the February and April terms of this court. But there is no pretense that any witness fees were paid to any of the witnesses named who are officers of the corporation; nor does it appear that there is any expectation upon the part of the attorney that such witness fees and mileage are to be paid to the various witnesses named in the affidavit.

We think that where it appears that the witnesses for whom the fees and mileage are charged, are officers of the corporation, the affidavit upon which the taxation is claimed should distinctly show not only that the witnesses have attended, but that the fees have been or will be paid.

It is to be noticed upon a reference to section 3256 of the Code, that the object of the law, as has been already stated, is reimbursement and not profit.

The order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.