(9 Misc. Rep. 100.)

### WOLFF et al. v. HORN et al.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

COSTS—FEES OF REFEREE—STIPULATION.
   A stipulation by parties to pay referee larger fees than the law fixes
   will not be disregarded by the court in the absence of fraud, collusion,
   or deceit.

Appeal from special term.

Action by Arrowitz Wolff and others against Edward C. Horn and others.   From an order retaxing plaintiff's bill of costs, and disallowing certain sums paid the referee and stenographer, plaintiffs appeal.   Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

W. W. Culver, for appellants.

Thomas O'Callaghan, Jr., for respondents.

BOOKSTAVER, J.   While the bill, as taxed by the clerk, appears to be very large considering the amount involved, yet we think, on the papers presented to him and printed in the appeal book, he was correct in taxing the amount he did.   It was in strict accordance with the stipulation made between the parties to the action by their counsel, which was as follows:

"It is stipulated by the respective parties that the fees of the stenographer shall be taxed as a disbursement in favor of the successful party; also, that the fees of the referee shall be ten dollars for a hearing of two hours, fifteen dollars in excess of two hours, and five dollars for an adjournment."

It is true that, on the argument of this appeal, respondent's counsel claimed that it was understood between the parties and the referee that no adjournment fee would be charged in case notice was sent before the hour set for the hearing;  and it was also claimed that the referee especially charged two adjournments to the appellants herein, and which are not to be taxed as costs, and that other adjournments were had for the referee's own convenience.   But there is nothing in the papers submitted to us on which such a contention can be based.   Nor is there anything in the papers to show why $30 was deducted from the fees charged by the stenographer, which are sworn to by him to be fair and reasonable, and according to the custom obtaining in such matters regarding stenograher's fees.   It also appears that both the referee and stenographer were paid the full amount for which their fees were taxed by the clerk, and we think the appellants were justified in paying the amounts they did under the stipulation. If parties by their counsel will enter into agreements or stipulations to pay fees larger than the law fixes, such agreement being allowed by law (Thurman v. Fiske, 30 How. Pr. 397;  Covell v. Hart, 14 Hun, 252;  Code, § 3296;  Mark v. City of Buffalo, 87 N. Y. 184), the court cannot be called upon to annul or disregard them in the absence of fraud, collusion, or deceit.   If the fact was as claimed on the argument in regard to the adjournments and to the ste-

nographer's fees, they should have been presented by affidavit. We cannot be controlled in our decisions by the statements made by counsel on the argument, and which were not before the clerk for his consideration when he taxed the bill. The order should be reversed, and the clerk's taxation affirmed, with costs of this appeal.