MATILDA SCHLOEMER, Respondent, *v.* OTTO SCHLOEMER, Appellant.

An order in an action for divorce, requiring the husband to pay a sum necessary to enable the wife to carry on the suit, to be used for a specific purpose in the suit, instead of for the purposes of the suit generally, is proper.

(Argued March 26, 1872; decided April 2d, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of the Special Term, Kings county, directing the payment by defendant of $250 for referee's fees.

The action was brought for absolute divorce. The defence was, no marriage.

The action was referred to a referee to hear and to report the facts, with his opinion thereon. The referee made a report, with his opinion, in favor of the plaintiff, and thereupon the plaintiff made a motion that the court fix temporary alimony, and order the defendant to pay the plaintiff's attorney the sum of $250 for referee's fees, which motion was

granted. Defendant appealed from this part of the order directing the payment of the referee's fees.

*John H. Bergen* for appellant. The fees of a referee are fixed by statute at three dollars a day, and the only way the amount of such fees can be fixed and ascertained is by taxation. (Code, § 313; *Shultz* v. *Whitney*, 17 How., 471.) The disbursements, including referee's fees, are a part of the taxable costs of an action. (*Pent* v. *Warth*, 1 Bosw., 653; *Belding* v. *Conklin*, 4 How., 196; *Wheeler* v. *Westgate*, 4 id., 269; *Tall* v. *Thomas*, 15 id., 315.) The order made was not authorized, as the statute fixes the fees of the referee, and an arbitrary amount cannot be allowed, only the necessary expenses. (*Mix* v. *Mix*, 1 J. Ch., 110; *Denton* v. *Denton*, id., 364; *Worth* v. *Worth*, 1 Barb. Ch., 241; *Jones* v. *Jones*, 2 id., 146 *Williams* v. *Williams*, 3 id., 628; *Kendall* v. *Kendall*, 1 id., 610.)

*J. L. Bishop* for respondent. The order is discretionary and not appealable. (3 R. S., 5th ed., 239; *Forrest* v. *Forrest*, 25 N. Y., 518.)

Per CURIAM. This was an action for an absolute divorce, dissolving the marriage. In that case the court may require the husband to pay any sums necessary to enable the wife to carry on the suit during its pendency, and it may decree costs against either party, and award execution for the same; or it may direct such costs to be paid out of any property sequestered or in the power of the court, or in the hands of a receiver. (2 R. S., 148, § 58.)

There is no doubt but that this suit is still pending. There is no doubt, from the papers, but that the sum ordered to be paid was necessary to enable the wife to carry on the suit. Had the court ordered the defendant to pay to the plaintiff the sum of $250, generally, as being so much necessary to enable her so to do, the order would have been correct. It does not make it incorrect, that the order is for that sum for

a specific purpose of the suit, instead of being for its purposes generally. So that the only criticism upon the order which can be entertained is that it directs a payment for a specific purpose greater than the law does allow for that purpose; in other words, that the court has named a sum for referee's fees greater than the provisions of law therefor will warrant. But this criticism does not appear to be sustained by the facts. There is nothing in the papers which shows positively that the sum of $250 is greater than at the rate of three dollars per day, or at some rate stipulated by the parties for the time spent by the referee in the hearing and decision of the cause.

The appellant asks us to adjudge that in no case can a court award a fixed sum for the fees and compensation of a referee. While we might not hesitate to say that a court cannot fix the compensation of a referee in any case at a sum greater than that allowed by the statute, or agreed upon by the parties, we are not prepared to decide that it is error in any case to fix a sum for such compensation which falls within that limit.

The order appealed from must be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.