# N. Y. COMMON PLEAS.

## ELLEN McQUIEN agt. DONALD McQUIEN.

*Divorce — Support, maintenance, &c., of wife and children, how to be enforced— Reference to ascertain amount of alimony due — Husband cannot be compelled to pay fees of referee — Code of Civil Procedure, secs. 1772, 1773–1779.*

Whilst an action of divorce is pending, and before judgment, the husband may be required to furnish money to enable the wife to pay the fees of the referee and take up the report.

But after judgment of divorce has been rendered the court has no power summarily to compel the husband to furnish the wife the means to carry on a new litigation.

If the husband does not pay the money which the judgment of divorce awards for the support of the wife she may resort to the remedies provided by sections 1772 and 1773 of the Code of Civil Procedure. In prosecuting those remedies the divorced wife cannot look to her former

McQuien agt. McQuien.

husband to advance the means of carrying on proceedings to enforce the judgment.

Where an absolute divorce was granted to the wife and a certain amount a year alimony was awarded to her, a portion of it being paid the first year, and the second year but a small portion being forthcoming, she instituted proceedings to compel its payment, and the court directed a reference to ascertain the amount of alimony due. The defendant failing to appear for cross-examination, an adjournment was granted on his stipulating to pay the referee's fees for the sitting and twenty-two dollars. On the adjourned day, the stipulation not being complied with, the defendant's direct testimony was stricken out and the referee reported in favor of plaintiff. Motion was made by plaintiff that defendant be compelled to pay the referee's fees on taking up the report; and defendant moved that the matter be sent back to the referee:

*Held*, that the motion to compel the husband to pay the referee's fees should be denied.

*Held*, further, that if the defendant will pay the referee's fees, and the twenty-two dollars which his counsel agreed to as the terms of the adjournment, the matter will be remitted to the referee, otherwise the motion will be denied.

*Special Term, June*, 1881.

ELLEN McQUIEN secured an absolute divorce from her husband Donald in 1879, in a suit in the court of common pleas, and was awarded about $1,000 a year alimony. She gave a receipt in full for $312 for the first year, in consideration, as defendant claims, of receiving the money in advance; but, as she insists, because she was deceived by her counsel, Mr. Gibbs, her intention being to give a receipt only for the sum named on account. The following year but a small portion of the alimony was forthcoming, and plaintiff instituted proceedings to compel its payment, and also $688 arrears of the previous year. The court directed a reference to ascertain the amount of alimony due. The defendant failing to appear for cross-examination, an adjournment was granted on his counsel stipulating to pay the referee's fees for the sitting and twenty-two dollars. On the adjourned day, the stipulation not being complied with, the defendants direct testi-

mony was stricken out and the referee reported in favor of plaintiff. The latter then moved that defendant be compelled to pay the referee's fees on taking up the report, and defendant moved that the matter be sent back to the referee.

*McGregor & Steele*, for plaintiff.

*Goff & Pollock*, for defendant.

VAN HOESEN, *J.* — Whilst the action is pending, and before judgment, the husband may be required to furnish money to enable the wife to pay the fees of the referee and take up the report (2 *R. S.*, 148, *sec.* 58; *Schloemer* agt. *Schloemer*, 49 *N. Y.*, 82; *Code Civil Procedure, sec.* 1769). But nowhere is power given to the court summarily to compel the husband, after judgment of divorce has been rendered, to furnish the wife with the means of carrying on a new litigation against him. If the husband does not pay the money which the judgment of divorce awards for the support of the wife, she may resort to the remedies provided by sections 1772 and 1773 of the Code. In prosecuting those remedies the divorced wife cannot look to her former husband to supply her with the sinews of war, for the reason that the statute has not conferred upon the courts any power in the premises. She is no longer a wife; she has got her judgment and special facilities for enforcing the payment of it. Before the divorce the law presumed that she had not the means of prosecuting her case and obtaining justice, and therefore it was that the statute gave the courts power to compel the husband to supply her with the money necessary to carry on her suit. When she has obtained judgment that she be paid a certain sum for her support, she has the opportunity of sequestrating her husband's property, and imprisoning his person if he fails to obey the decree. These advantages were doubtless deemed an ample security; and for that reason, I presume, the legislature has not provided that the husband shall advance to the

McQuien agt. McQuien.

wife the means of carrying on proceedings to enforce the judgment. The parties are no longer husband and wife, but judgment creditor and judgment debtor, and the creditor is left to the remedy which the statutes give for collecting what is due to her. The motion to compel the husband to pay the referee's fees is denied. The motion of the defendant to send the matter back to the referee, to take the cross-examination of the defendant and the testimony of Mr. Gibbs does not commend itself to favor. After reading the extract which has been furnished me from the referee's minutes, and the affidavits of Mr. Goff and Mr. Steele, the impression left on my mind is that McQuien was experimenting with the referee, and attempting, by pleading poverty, to get out of the payment of the money which his counsel agreed should be paid as a condittion of the adjournment. He said that he could not pay, that he was utterly unable to raise the money, and, not until the referee had decided that the matter should be closed because the terms agreed upon had not been complied with, did he make the first suggestion that he could produce the money in an hour's time. If he had asked for time before the matter had been decided against him it would doubtless have been granted. He knew before the decision was made that he could get the money in an hour, but he did not offer to get it until he had found that his experiments upon the good nature of the referee were unsuccessful. Such proceedings ought not to be encouraged. If the defendant will pay the referee's fees, and the twenty-two dollars which his counsel agreed to as the terms of the adjournment, the matter will be remitted to the referee. Otherwise the motion will be denied, with ten dollars costs.