Brady, J.
This action was brought to procure an absolute divorce upon the0 ground of adultery. The defendant denied the adultery charged and set up the commission of adultery by the plaintiff. The cause was referred and application was made for a counsel fee and alimony. Counsel asked for $5,000 upon that application, but $1,000 only was granted in addition to the sum allowed for alimony. As the reference proceeded,, many witnesses were examined on either side, but the referee reported against the defendant, specifying her guilt with several persons, and the report was filed. An application was then made for a further counsel fee and an order staying the plaintiff’s proceedings was obtained, so that the motion could be heard before judgment was entered upon the' report of the referee.
It is stated in the affidavit of J. Worden Gedney, the attorney for the plaintiff, that the attorneys and counsel for defendant have already expended in necessary expenses in defending this suit more than $1,000 beyond the whole sum allowed, thus leaving them with nothing for their services, and, on account of the poverty of the defendant, they have no means of recovering the amount of their expenses, unless there is a further allowance. And thus, it would seem, that payments of $2,000 have actually been made in the defense of the action and in the effort to establish the criminality of the plaintiff. There are serious denials of these allegations contained in the papers, and as to all the material facts and circumstances bearing upon the propriety of a further allowance the contest may be regarded asín conflict. The affidavits pro and con are irreconcilable.
*488 The learned judge who heard the motion disposed of it by saying that after a very careful consideration of the matter, he was of the opinion that the court had the power, and that it ought to make a further allowance, with a stay of the plaintiff’s proceedings until it shall have been paid. And he seems to have been influenced very much by the fact that $2,000 had been expended in necessary disbursements. Assuming this to be true, if the allowance of $3,500 be made, then $2,500 will be received for the professional services rendered.
There is no doubt of the power of the court, prior to the entry of judgment, to make an allowance in an action like this (§ 1769 of the Code), McQuien v. McQuien (61 How. Pr., 280), although after the judgment has been entered this court has no power to make an order requiring the husband to pay any sum to an attorney, for services which he has theretofore rendered or may thereafter render to fhe plaintiff or defendant in an action for or against the wife. Winton v. Winton, 31 Hun, 290.
The report of the referee having been filed only, and no judgment having been entered upon it, the power of the court to make the order for an allowance must be regarded as unquestionable under the Code and the decisions affecting the subject in this state; and whether any sum shall be allowed is a matter of discretion. The defendant labored under the disadvantage—and it is quite a formidable one, it must be admitted—of having been found guilty of the acts of adultery charged, which entitled the plaintiff to a divorce, unless the report be set aside. But, nevertheless, until judgment is entered she is entitled to the protection of the court, unless the evidence establishes the fact that her defence was not made in good faith, or her opposition to the action was distinguished by extraordinary and unjustifiable proceedings. As she is without means, and the defendant has the ability to pay, the expenses incurred by her should be paid, and some compensation given to her counsel for their professional services in her behalf. The matter, as already suggested, is one of discretion, and the learned justice in the court below, in the exercise of that power, and after a very careful examination of the whole case, determined that some additional allowance should be granted. Upon an examination of the case, it is not very well understood how his conclusion can be interfered with. The record shows many circumstances favorable to the exercise of such a discretion, and perhaps many militating against it; but, weighing them all together, as did the. learned justice in the court below, the exercise of a discretion in favor of the defendant as to some allowance, is an act which may not be interferred with without doing in jus *489 tice. But it is thought that the learned justice in award, ing $3,500, was under the impression that $2,000 had been expended by the defendant and her counsel, but such is not the fact. Assuming that the sum of $2,000 was expended, $1,000 of it had been contributed by the defendant, and," therefore, if the amount of the allowance be reduced to $2,500, the counsel fee will be $1,500. This may not be as full a compensation as might be expected, hut the plaintiff’s success, and the consequent established guilt of the defendant, must fn equity affect the measure of compensation.
For this reason the order must be modified, by reducing the amount granted for additional allowance in the court below to $2,500, and as modified -affirmed, without costs to either party.
Ordered accordingly.
Daniels, J., concurs.