(18 Misc. Rep. 76.)

COALE v. SUCKERT et al.

(Supreme Court, Appellate Term, First·Department. September 28, 1896.)

1. STENOGRAPHERS—LIABILITY FOR FEES—CONTRACT BETWEEN PARTIES.
    An agreement between the parties to an action for divorce that each should pay half of the fees of the stenographer employed to take testimony before the referee is not binding on the stenographer where no stipulation to that effect was filed with the referee or entered on his minutes, and no notice of the agreement was given to the stenographer.

2. SAME—RIGHT TO COMPENSATION.
    The right to compensation of a stenographer employed to take and transcribe testimony before a referee depends on contract, as a stenographer in such case holds no official position.

Appeal from Eleventh district court.

Action by Elsie R. Coale against Julius J. Suckert and Maria L. D. Suckert for services rendered by plaintiff as stenographer in an action between defendants. There was a judgment in favor of plaintiff, and defendant Julius J. Suckert appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles J. Hardy, for appellant.

Root & Clarke (A. Thain, of counsel), for respondent.

McADAM, J. This is an appeal by the defendant Julius J. Suckert from a judgment rendered against him jointly with the co-defendant. The defendants, husband and wife, had serious differences respecting their matrimonial obligations, which culminated in a suit by the wife for divorce. A motion was made for alimony, and counsel fees to enable the wife to prosecute the action, and the court directed a reference to ex-Judge Van Hoesen to determine whether any, and, if so, what, relief of the character claimed should be awarded. The referee reported in favor of the wife, and the court confirmed the report, and awarded alimony (the amount not appearing), together with $500 counsel fees. The plaintiff, a stenographer, called in by the referee, took and transcribed the testimony, and at the request of the parties one copy thereof was furnished for the use of the referee, and one to each of the attorneys to assist them in conducting the prosecution and defense of the application on behalf of their respective clients. The stenographer's bill amounted to $261.32, and at the request of the attorneys each of them was furnished with a copy of it. The husband sent his check for one-half of the bill, accompanied by a letter, in which he said he would pay no more, for the reason that

by agreement between the parties the other half was to be paid by the wife. The plaintiff, disavowing all knowledge of the agreement, insisted that it did not bind her, and brought suit against the husband and wife to recover the unpaid balance of the bill. The wife offered no defense, while the husband answered, denying any joint employment, and pleading the special agreement with his wife whereby he was to pay one-half of the fees only. It must be assumed that the circumstances established an employment of the plaintiff by the parties, for they so regarded it throughout the reference, and the husband, after its conclusion, conceded it by paying one-half of the bill, placing his exemption from liability for the other half on the agreement with his wife. Such, also, is the necessary effect of the husband's stipulation at the trial, wherein he agreed that the only question in dispute to be determined was his liability jointly with the wife for the half of the bill unpaid. The husband never disputed liability on any ground other than the agreement with his wife by which she was to pay one-half of the plaintiff's bill, and he cannot, after litigation has begun, change his ground, and mend his hold. Thorne v. French, 4 Misc. Rep., at page 441, 24 N. Y. Supp. 694, affirmed 143 N. Y. 679, 39 N. E. 494; Jones v. Electric Co., 7 App. Div. 465, 473, 39 N. Y. Supp. 1105. The rule is elementary that if a person allows another to work for him under such circumstances that no reasonable man would suppose that the latter means to do the work for nothing, he will be liable to pay for it. The doing of the work is the offer; the permission to do it, or acquiescence in its being done, is the acceptance. Clarke, Cont. (Hornbook Ed.) 25; Wood, Mast. & Serv. §§ 62, 67; Lewis v. Trickey, 20 Barb. 387; Smith v. Railroad Co., 102 N. Y. 190, 192, 6 N. E. 397. The right to recover is not controlled by the law relating to the taxation of stenographer's fees as between the parties to the original action, but by the application of the principles which prevail in ordinary cases of employment, wherein parties for whose benefit services are performed are jointly liable for their value. Where one is employed by several persons to perform a service for the benefit of all, and there is no agreement for a separate charge, the obligation is joint. 1 Pars. Cont. (6th Ed.) 11. The principle was applied to a stenographer suing for his fees (Adams v. Railroad Co., 20 Abb. N. C. 180), and the liability was held to extend to all the parties in the action wherein the services were rendered. It seems just that in actions for divorce the expenses of a proceeding before a referee to ascertain the financial condition of the husband for the purpose of determining the amount of alimony and counsel fees should be borne by the husband. Bish. Mar. & Div. §§ 911, 978; Collins v. Collins, 80 N. Y. 1; De Llamosas v. De Llamosas, 62 N. Y. 618; Smith v. Smith, 35 Hun, 378; Schloemer v. Schloemer, 49 N. Y. 82. In the case last cited an order directing the husband to pay the plaintiff's attorney $250 for referee's fees in a divorce suit was affirmed.

The appellant claims that these cases merely determine the question as between husband and wife, and do not apply to persons not

parties to the record; but we fail to see how, as between themselves, certain obligations flow, but that, when a person has performed labor for the husband and wife jointly, and is seeking to enforce the obligation, a different result must follow. But, irrespective of this, the evidence of employment is sufficient to charge the parties in the present instance. There is no proof that the wife had any separate estate or any credit save that of her husband, and the very nature of the application which was referred for determination would imply that she was without the necessary means of livelihood, or the ability to pay even the counsel she had employed to. assert her legal rights, much less pay the stenographer the fees for transcribing or furnishing the minutes of the reference. A stenographer on a reference holds no official position, and his right to compensation depends upon contract, express or implied. He owes his connection with the case to the consent of the parties, and where they permit him to act, knowing he expects compensation, they should agree with him as to his charges and the mode of payment, or bring home to him in some intelligent form any special limitation upon their liability; otherwise the law may infer an agreement on their part to pay the customary fees, enforceable as other contracts are against the persons for whose joint benefit the work is performed. In partnerships the parties are liable jointly to persons performing labor or giving credit to the firm, and, if there is any special provision in the articles limiting the powers of any partner or exempting him from liability, it is unavailing against third persons, unless it be proved that notice of the provision was brought home to the party before the credit was given. 1 Colly. Partn. (6th Ed.), notes by Wood, 629, 630. And upon the same principles agents who fail to disclose their agency are made personally liable. Story, Ag. § 266; Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 805. Assuming for present purposes that the defendants, by their agreement, effectually regulated, as between themselves, the liability for stenographer's fees, it could not affect the plaintiff unless communicated to her, or made apparent in some form sufficient to charge her with notice. The agreement as to dividing fees was not reduced to writing in the form of a stipulation filed with the referee, nor was it entered upon the official minutes; so that there was nothing to imply notice to the plaintiff; and she testifies that she had no knowledge of the agreement until after her work had been performed, and that she never assented to it in any way. Nor is it reasonable to assume that the plaintiff would have given credit to the wife when the plaintiff knew, from the very nature of the proceeding before the referee, that it was based on the wife's impecuniosity and the husband's supposed ability to pay. The burden of proving that the plaintiff had knowledge of the special agreement was on the husband, and, as he failed to satisfy the justice that it was made known to the plaintiff so as to imply an assent thereto upon her part, the judgment against him is not without evidence to sustain it. The appellant, in his answer, pleads payment under the alleged special agreement; but as he was liable, upon the facts found, for the whole amount of the bill, he established a payment of one-half only, and this was credited in the complaint, wherein the balance alone was

claimed. We need not consider the technical effect of receiving the husband's check for half of the bill, in connection with the letter which accompanied it, further than to hold that it did not establish the defense of payment pleaded. What effect that letter and the retention and use of the check would have had if the defendant had pleaded accord and satisfaction of a disputed liability (Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034) is not presented for review by the record before us.

The judgment must be affirmed, with costs. All concur.