(40 Misc. Rep. 92.)

### KELLOGG v. STODDARD, et al.

(Supreme Court, Special Term, Jefferson County. February, 1903.)

1. ATTORNEY'S FEES—SERVICES TO WIFE—LIABILITY OF HUSBAND'S ESTATE.

In an action by a wife for a separation from her husband, the attorney of the wife procured therein an order for counsel fees, but took no steps to collect them during the husband's lifetime. *Held*, that he could, after the husband's death, maintain an action against the executors, who had rejected the claim.

2. SAME—NECESSARIES.

An attorney who has rendered services to a wife seeking a separation and support from her husband may, on the death of the husband, maintain an action against the executors to recover on the ground that the services were a "necessary" to the wife.

Action by Virgil K. Kellogg against George A. Stoddard and Rea Stoddard, executors of Addison Stoddard, deceased. Demurrer to complaint overruled.

Virgil K. Kellogg, in pro. per.
Wilbur A. Porter, for defendants.

ROGERS, J.   The complaint alleges that the plaintiff is an attorney at law; that in the month of July, 1900, Harriet Stoddard, the then wife of defendants' testator, Addison Stoddard, retained him to commence an action in the Supreme Court for a separation, and to procure a judgment for a suitable and adequate provision for her maintenance and support; that he thereafter, from time to time, spent a large amount of time and disbursed large sums of money in the preparation for and in the carrying on of said litigation; and that the separation action was begun on the 25th of January, 1901. The said Addison, through his attorney, interposed an answer, which on the 13th of February thereafter was served on the plaintiff, as the attorney for said Harriet.  On the 6th of April, 1901, an order was duly made in said action, at Special Term, directing the defendant therein to pay to this plaintiff the sum of $250, as and for a counsel fee on account of services.   It is also alleged that the amount of plaintiff's disbursements and the value of his services therein "exceeded the amount of counsel fee [so] allowed to him."   Said order was entered in the office of the clerk of Lewis county April 9, 1901.  A copy was served on the defendant's attorney April 12, 1901, and a certified copy thereof was served on the said Addison, personally, May 10th.  No part of said $250 has been paid.  On the 25th of May, 1901, the said Addison died, leaving a last will and testament, which was duly admitted to probate by the surrogate of Lewis county September 16th of the same year, and in which the defendants were named as executors.  They duly qualified, and letters testamentary were issued to them.  On the 12th of December,

1901, the plaintiff served on the defendants a duly verified claim for the amount directed to be paid by said order. This was rejected on the 20th day of said month, whereupon plaintiff offered to refer the same to some suitable person, to be selected according to law, which offer was refused. The complaint demands judgment for $250 damages, with interest from April 6, 1902, besides costs. The summons is dated and the complaint verified June 18, 1902. The defendants' appearance is dated July 7, 1902. It may therefore be assumed the action was commenced prior to that time. The defendants demur "upon the ground and for the reason that said complaint does not state facts sufficient to constitute a cause of action." No other ground of demurrer is specified; hence this is the only objection that can be considered. Code, § 490; Fulton Fire Ins. Co. v. Baldwin, 37 N. Y. 648.

In my opinion, the action is maintainable on either of two grounds:

(1) The order of April 6, 1901, was an adjudication that Mr. Stoddard pay to the plaintiff $250. To make this payment, without further action on the part of the plaintiff, became and was his duty. Having neglected to do what the order required, the plaintiff, after the lapse of 10 days from service of a copy of the order, might have issued an execution against Mr. Stoddard's personal property (Code, § 779), or procured an order sequestrating his personal property and the rents and profits of his real estate (Code, § 1772), and, in case of failure to so collect, might have instituted proceedings to punish him for contempt because of disobedience of the order. Code, § 1773. The death of Mr. Stoddard without any of these steps having been taken embarrasses all, and makes impossible the employment of at least two, of these statutory remedies. But the neglect of the plaintiff to take one or more of them in no wise forfeited his rights under nor excused compliance with the order by Mr. Stoddard. I do not see why his obligation should not be made good by his personal representatives. By it the plaintiff and Mr. Stoddard became, and thereupon bore to each other the relation of, debtor and creditor. McQuien v. McQuien, 61 How. Prac. 280, 283. His death ended the action, but did not deprive parties of rights incidental thereto which in his lifetime had become vested; nor did it relieve his estate from the obligation to pay that for which he had become bound. Accordingly it has been held that a judgment requiring a husband to pay alimony to the wife during her lifetime is proper, notwithstanding he might die first. Burr v. Burr, 10 Paige, 20, affirmed in 7 Hill, 208; Galusha v. Galusha, 43 Hun, 181. The estate of the husband is liable to pay alimony accrued and in arrears at the time of his death. 2 Bish. Mar., Div. & Sep. § 1000.

The attorneys for a deceased wife may enforce payment of costs against the husband which had been awarded to them prior to the wife's death. Lachenmeyer v. Lachenmeyer, 65 How. Prac. 422. If, then, it is the right of the plaintiff to have, and the duty of the defendants to pay, the sum awarded, it would seem that the law must afford some remedy to the party entitled to be paid. Where payment of motion costs could not be enforced by attachment, because the party directed to pay had gone without the jurisdiction of the court,

an action of debt for their recovery was maintained. McDougall v. Richardson, 3 Hill, 558. I do not see why an action is not the proper remedy here. It was suggested on the argument that the provisions of Code, § 1913, prohibiting the bringing of an action on a judgment rendered in a court of record of the state between the original parties to the judgment prevent the maintenance of this action. To this there seems to be an answer in the fact that the parties are not the "original parties" in the judgment; Mr. Stoddard having died, and this action being against his personal representatives. Smith v. Britton, 2 Thomp. & C. 498. Besides, this action is to recover the amount awarded by an interlocutory order, and not a judgment. Nor is the fact that the order directed payment to the attorney, instead of the party, a valid objection. The court, for the due prosecution of the action, might direct the money to be applied to any necessary purpose and in any proper manner. Schloemer v. Schloemer, 49 N. Y. 82. It seems to me, therefore, that, by reason of the embarrassments that would come in case of an attempted enforcement of the order, pursuant to the provisions of the Code, the maintenance of this action is justified.

2. I think the action may also be maintained upon the ground that the services rendered by the plaintiff to the wife were necessary, to pay for which she could pledge her husband's credit. The demurrer admits all the facts stated in the complaint, as well as such as may be implied by fair and reasonable intendment. Pettibone v. Moore, 75 Hun, 461, 27 N. Y. Supp. 455. The action of Mrs. Stoddard was brought against her husband to procure a separation from him, and "to compel him to make suitable and adequate provision for her maintenance and support." The plaintiff, as her attorney, rendered services and expended money in the preparation for and prosecution of the action amounting in value to more than $250, and it had such merit as to constrain the court to award that sum to him. It must therefore be assumed that the action was brought bona fide, and upon probable cause. In an action for absolute divorce the parties and their attorneys are confined to such remedies as are given them by statute. Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. But in an action for a separation because of cruel and inhuman treatment of the wife by the husband, she has an implied authority to employ counsel at his expense to prosecute the suit. Langbein v. Schneider, 27 Abb. N. C. 228, 16 N. Y. Supp. 943; Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222; s. c. (after new trial) 41 App. Div. 361, 58 N. Y. Supp. 476. Within the cases cited, the plaintiff might have maintained an action for services—assuming the facts warranted the bringing of the separation suit—regardless of the order directing payment. That order, however, fixes the amount he is entitled to receive. Moreover, the complaint alleges that the moneys expended and services rendered were of a value exceeding that sum. This the demurrer admits. The demurrer is overruled, with leave to the defendants to answer within 20 days on payment of costs.

Demurrer overruled, with leave to defendants to answer within 20 days on payment of costs.