<hr/>

(89 App. Div. 398.)

CRANE v. GANUNG.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. PERFORMANCE OF SERVICES—EXPECTATION OF PAYMENT—IMPLIED PROMISE.
    The law will imply a promise to pay for services rendered under circumstances warranting a reasonable expectation that the party for whom they were rendered would pay for the same.

2. SAME—RIGHT TO SUE THEREFOR.
    Plaintiff's forbearance to assert a claim for services performed for defendant in the expectation that the latter would appoint him as her executor, and that he would thereby be fully compensated by the fees and commissions, does not militate against his right to sue therefor.

3. SAME—EVIDENCE.
    Evidence in action for services *held* to warrant a verdict for plaintiff.

Appeal from Trial Term, Putnam County.

Action by Samuel B. Crane against Marianne H Ganung for personal services. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Stephen Callaghan (Parker K. Deane, on the brief), for appellant. G. E. Anderson, for respondent.

JENKS, J. I think that the services were rendered under circumstances which warranted reasonable expectation by the plaintiff that the defendant would pay for them. If so, the law may imply a promise of payment. Davidson v. Westchester Gaslight Co., 99 N. Y. 558, 2 N. E. 892. The parties are not akin. The plaintiff is apparently a man in humble circumstances. The defendant is the owner of considerable property, and apparently well to do. The many services detailed by the plaintiff were of divers kinds, and of a character often required of a man on the practical side of a well to do woman's affairs. In fine, the plaintiff's testimony shows him as the factotum of the defendant. Further, the plaintiff testifies that the defendant specifically requested the services from him; told him she required,

some one to look after her affairs, and that she knew none better than him. The version of the defendant is that the services were neighborly, voluntary, and gratuitous; that, in any event, she made full return by gifts, benefactions, and the payment of $25; and that, protesting that he expected nothing, the plaintiff acknowledged requital. Likely enough, the defendant did not realize that the plaintiff would ever charge for the services; and yet the plaintiff may have had reasonable ground for the expectation that so many services asked or accepted, which required his time, labor, and trouble, and which broke in upon his personal affairs, would be paid for.

The plaintiff, though a layman, advised the defendant as to her last will. The record of the plaintiff's testimony reads as follows:

"A. I told him [Mr. Barnes, the defendant's attorney] that she was to make me executor. Q. Of her will? A. Yes. Q. And didn't you state to Mr. Barnes that you expected to get your compensation in that way? A. Yes; I expected to charge for the services I performed what they were worth. There was never anything said to Mrs. Ganung," etc. ·

On argument the learned counsel for the respondent called to our attention that after the final "Yes" the record was misleading, in that the words "I expected," etc., should be paragraphed as the resumption of the narrative form, and I do not recall that the opposing counsel disputed the typographical correction thus suggested. The plaintiff admitted that he did not present any bill until after he learned that he had not been named as executor. From these statements and this admission the learned counsel for the appellant insists that it is clear that the plaintiff had no intention to charge for the services rendered. But the plaintiff testifies that he did intend to charge. If he thought that the fees and commissions of an executor would be full compensation, and therefore withheld any charge until he learned that he was not to be named executor, such nonaction is not inconsistent with his expectation of remuneration. The defendant testifies that there was nothing said as to who was to be her executor, though she discussed the fitness of two persons other than the plaintiff. But she does testify that she made the plaintiff executor of what she supposed "was a valid will later, when I finished it." This lends credence to the plaintiff's version that, so long as he supposed that his compensation was to come from an executorship with which he was satisfied, he did not look for other payment, or press for it. Baxter v. Gray, 4 Scott, N. R. 374, is in point. It was held that plaintiff's forbearance to assert his claim, in the expectation of a legacy, did not militate against assumpsit for work done; Erskine, J., saying:

"But unless it is shown that the plaintiff's services were rendered upon the distinct understanding that he was to receive no remuneration except what the testatrix might think fit to leave him by will, there is no answer to the action."

I think that the finding of the jury is warranted by the evidence; that the law was correctly laid down by Dickey, J.; and that therefore the judgment should be affirmed, with costs. All concur.