(99 App. Div. 41)

WILSON v. HINMAN.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. FRAUDULENT CONVEYANCES—LIABILITIES OF TRANSFEREE—MORTGAGES TO PAY CLAIMS.

Where property is fraudulently transferred by defendant in a divorce suit. it is subject, in the hands of the transferee, to claims for alimony, as though it were still the property of defendant, and a mortgage executed by the transferee, under the approval of the court, as security for the payment of alimony, does not constitute the transferee a surety for such payment, but in respect to the mortgage he stands in the place of defendant.

2. DIVORCE—ALIMONY—PAYMENTS AFTER HUSBAND'S DEATH.

The court may, in awarding a decree of divorce, direct the payment of alimony so long as the wife shall live, and require security therefor, in which case payments will continue after the death of the husband.

Houghton, J., dissenting.

Appeal from Trial Term, Broome County.

Action by Mary H. Wilson against Charles N. Hinman. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lewis Seymour, for appellant.
Wilbur & Yetter, for respondent.

SMITH, J. The complaint is challenged as not stating a cause of action. It alleges that heretofore the plaintiff and one Balis L. Hinman were husband and wife, and in an action judgment was obtained by this plaintiff against said Balis L. Hinman dissolving the marriage relation, and providing for the payment of $300 a year alimony "so long as she shall live." The judgment further provided that the payment of such alimony should be secured by a mortgage upon certain property. The complaint alleges that pending the trial of this divorce action Balis L. Hinman transferred this property without consideration, and for the purpose of defrauding plaintiff, to his brother, Charles N. Hinman, this defendant, who had knowledge of the fraudulent intent with which the property was transferred. Following the judgment in the divorce action a mortgage was executed by Balis L. Hinman and Charles N. Hinman, this defendant, upon the said property, providing for the payment to the plaintiff of the aforesaid sum of $300 annually "so long as she shall live." The said mortgage was duly approved by the court and filed and recorded in Broome county clerk's office. The complaint further alleges that Balis L. Hinman died upon the 27th day of November, 1902, having made this defendant his sole devisee, and that the defendant had failed to comply with the conditions of said mortgage by omitting to pay the sum of $25, which became due and payable on the 6th day of July, 1903, and also by omitting to pay the sum of $25 which became due and payable on the 3d day of August, 1903. This demurrer squarely raises the question whether the court, in award-

¶ 2. See Divorce, vol. 17, Cent. Dig. §§ 689, 699.

ing a decree of divorce, has power to direct the payment of alimony after the death of the defendant.

In advising the affirmance of this judgment I yield to what I deem to be controlling authority within this state. In Burr v. Burr, 10 Paige, 37, a similar decree was under review, and challenged as unauthorized. In respect thereof Chancellor Walworth says:

"And the objection that the vice chancellor was not authorized to decree a provision for the alimony of the wife which should continue beyond the life of the husband is clearly untenable. The statute authorizes the court to make such order and decree for the suitable support and maintenance of the wife out of his property as may be just and proper. 2 Rev. St. (1st Ed.) p. 147, § 53. And it certainly cannot be unjust or improper to compel a husband, whose wife has been driven from her home by his cruelty or in consequence of his defilement of the marriage bed, to provide her a suitable support for the remainder of her life instead of permitting him to dispose of his property to strangers, at his death, leaving her entirely destitute."

This case was in the Court of Errors on appeal, and reported in 7 Hill, at page 222. The judgment below was affirmed, and in regard to this provision the court said:

"In regard to the objection that the decree should have made provision for a reduction or discontinuance of the alimony if the appellant dies leaving a competent provision for the respondent by will, it is enough to say that the appellant has power to obviate this objection by his own mere volition."

In Galusha v. Galusha, 43 Hun, 181, the headnote in part reads:

"That, while it was not usual for a court to direct by judgment the payment of alimony beyond the period of the joint lives of the parties, it had power to direct, as it had in this case, that to be done in the lifetime of the defendant which would result in making an effectual provision for such payments."

In that action the court had directed alimony to be paid during the lifetime of the plaintiff, and directed that alimony to be secured by a mortgage to be executed by the defendant upon certain property. The provision was substantially the same as in the case at bar. Under the allegations in this complaint of the fraudulent transfer by the defendant in the divorce action to the defendant, Charles N. Hinman, the property was subject to all claims against the same, and with like effect as though it had been still the property of Balis L. Hinman. The defendant, Charles N. Hinman, therefore does not stand as a surety, but in respect of this mortgage stands in the shoes of the original debtor. In Johns v. Johns, 44 App. Div. 537, 60 N. Y. Supp. 865, while the remarks are to an extent obiter, the authority of Burr v. Burr is recognized as establishing the law in this state that provision may be made for securing the payment of alimony after the death of the defendant by the giving of a mortgage by the defendant upon his property. This rule also seems to be recognized by Justice Rogers in the case of Kellogg v. Stoddard, 40 Misc. Rep. 94, 81 N. Y. Supp. 271.

As against this authority we have no case holding distinctly a contrary rule. The case of Field v. Field, decided in the First Department, and reported in 15 Abb. N. C. 434, declares a different rule where the judgment did not require the alimony to be secured by a lien upon property. It probably may be regarded as settled that, unless the judgment requires the alimony to be secured by a lien upon property, the pro-

vision that it be paid so long as the plaintiff may live is not operative after the death of the defendant. Such a rule seems to be held because of the impracticability of compelling a personal obligation to be performed after death. When, however, in addition to the personal obligation, security is required, and the decree expressly provides that the alimony is to continue so long as plaintiff may live, the courts seem to consider the obligation as personal while the defendant lives, and as imposed upon the security after his death. See Galusha v. Galusha, supra, and Johns v. Johns, supra. I advise an affirmance of the judgment.

Interlocutory judgment affirmed, with costs. All concur, except HOUGHTON, J., dissenting.