(112 App. Div. 837)

MORIARTY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. WORK AND LABOR—QUANTUM MERUIT.
    Where, in an action on a contract for work and labor alleged to have been performed for the contractor in the erection of a school building, the court found that there was no contract, but that plaintiff had performed certain work. labor, and services, the court should then have determined how much had been done, the reasonable value thereof, and how much had been paid therefor.

2. APPEAL—FINDINGS—EVIDENCE—REVERSAL.
    Where, in an action for work and labor, plaintiff was entitled to recover on a quantum meruit, and there was no way of reconciling the testimony with the findings of the court as to the amount earned, paid, or due, the judgment will be reversed.

Appeal from Special Term, New York County.

Action by Michael J. Moriarty against Patrick Sullivan and the board of education of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Menken Bros. (Percival S. Menken, of counsel), for appellant.

Kenneson, Emley & Rubino (Thaddeus D. Kenneson, of counsel), for respondent Sullivan.

CLARKE, J. This action was brought to foreclose a municipal lien filed by the plaintiff against the defendant Sullivan with the comptroller of the city of New York and the board of education for labor alleged to have been performed by plaintiff for defendant Sullivan in plastering a certain schoolhouse which Sullivan was under contract with the board of education to erect and build. The dispute is between contractor and subcontractor. The complaint alleges:

"That on or about November 3d, 1903, plaintiff entered into a contract with defendant to plaster * * * the first part to be erected of public school 106, * * * and to supply all the labor and materials necessary therefor, for the agreed price or sum of $8,500, payments to be made as it progressed, 85 per cent. of the work done during its progress, and the balance, or 15 per cent. thereof, when the work was fully finished; it being understood and agreed, however, that the plaintiff was to order the materials from the materialman directed by defendant Patrick Sullivan, and to give orders upon said Sullivan for such materials so purchased, the same to be deducted from the amount of plaintiff's contract. That plaintiff on December 5, 1903, duly entered in and upon the performance of said contract, and continued performing his part thereof until December 21, 1903, when defendant without right or cause wrongfully broke the said contract, and prevented plaintiff from completing. That the amount of labor for plastering under the contract, exclusive of materials, amounted to the sum of $2,950, no part of which has been paid except $132.65, and there is now justly due and owing $2,817.35."

A personal judgment was demanded. It will be seen, therefore, that this is not an action for damages for breach of contract, but for an amount claimed to be due for work done under a contract. The learned court in his findings of fact found that the defendant Sullivan did not enter into the contract set up in the complaint with the plaintiff. There is evidence to support this finding. He further found:

"That the defendant Patrick Sullivan did not enter into any contract with the plaintiff with respect to the plastering work in the first part to be erected of public school building No. 106."

If by this is meant a "written" contract, there is evidence to support the finding, and that this is the meaning is evident from the next finding: That the plaintiff performed certain work, labor, and services, consisting of plastering work, in and upon the building hereinbefore mentioned.

The court having found that there was no contract, and that the plaintiff had performed certain work, labor, and services, the question to be determined was how much had been done, what was the fair and reasonable value thereof, and how much had been paid therefor. The court found that there was nothing due, and dismissed the complaint upon the merits.

On the trial plaintiff conceded credits amounting to $1,019.19, leaving a balance claimed of $1,890.81. The plaintiff claims that he did 6,000 yards of scratching and browning at 46 cents a yard, which would amount to $2,760, and 1,000 yards of scratching at 15 cents a yard, $150. There is no evidence in the case of the reasonable value of this work other than plaintiffs. It was brought out by defendant on cross-examinations, and, while an attempt by defendant in his case would show another amount per yard, the testimony was stricken out by the court; so that upon the theory of quantum meruit which the court adopted 46 cents per yard for browning and scratching, or 31 cents for browning and 15 for scratching, is established as the reasonable value thereof. The defendant claims that 4,000 yards of browning was done, which at 31 cents would be $1,240, and 1,900 yards of scratching, $285, which would make a total of $525. And if credit is given to the defendant of a payment of $135 to laborers, which plaintiff claims should not have been charged against him, the full amount paid would be $1,154.19, which, accepting defendant's figures, would leave $370.81 due. There is no way of reconciling the testimony with the findings of the court as to the amount earned, paid, or due, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.