### PLOGER v. BRIGHT.

(Supreme Court, Appellate Term. November 30, 1909.)

1. WORK AND LABOR (§ 4*)—RIGHT OF ACTION.

One who allows another to work for him,. under such circumstances that no reasonable person would suppose the work was done for nothing, is liable for its reasonable value.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

2. WORK AND LABOR (§ 7*)—IMPLIED CONTRACT—FAMILY RELATION.

Plaintiff, though not related to defendant or her father, claimed their house as her home, and lived there for 22 years, performing household duties practically without compensation, and refused to leave when she was ordered to do so by defendant, on the ground that it was her home, and continued to render similar services after the death of defendant's father. *Held* that, while the relationship of the parties did not create any presumption of law that plaintiff's services after the death of defendant's father were gratuitous, neither did .the circumstances show an implied contract by defendant to pay for such services, as she might have reasonably supposed that plaintiff continued to work on the same terms as before her father's death.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11, 12–14; Dec. Dig. § 7.*]

3. WORK AND LABOR (§ 4*)—RIGHT OF ACTION.

Plaintiff must show that services rendered for another, without an express contract to pay therefor, were rendered under such circumstances as authorized her to reasonably expect that they would be paid for.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

Appeal from City Court of New York, Trial Term.

Action by Anna W. Ploger against Anna W. Bright. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J.,· and SEABURY and LEHMAN, JJ.

August P. Wagener, for appellant.

Thomas W. Butts (Charles A. Winter, of counsel), for respondent.

LEHMAN, J. The plaintiff was for 22 years a member of· the household of the defendant's father. The family were ·apparently of.

moderate wealth, but kept no servant, and plaintiff did the work which would usually be performed by a servant in a wealthy family. The plaintiff was on terms of familiarity with the family, and during the lifetime of the defendant's father she received no pay; but he provided her with board and gave her a present of $20 at Christmas. The defendant's father always spoke of her as his daughter by his second wife, although this was not true. After the death of the father, she continued to do a large part of the household work for the defendant and her two sons. She did not ask for pay, and the relations between the parties were amicable until the father's will was opened, and then a violent quarrel occurred. The plaintiff apparently expected a legacy of $1,100, and accused the defendant of fraud, and defendant told her that the will provided only that she should give her $25 a year, in her discretion, until the estate was distributed, and then promised to give her the $25 a year. Apparently they then came to blows, and defendant told the plaintiff to leave the house, and plaintiff refused, "because it was her home," and the defendant's father said that she should always have her home in that house. Under these circumstances the plaintiff remained with the defendant from September, 1905, until November, 1907, and now seeks to recover the reasonable value of her services during that period, upon an implied contract to pay, apparently upon the theory that:

"The doing of the work is the offer; the permission to do it or acquiescence in its being done is the acceptance." Coale v. Suckert, 18 Misc. Rep. 76, 78, 41 N. Y. Supp. 583, 584.

The rule is, however, stated with an important qualification:

"If a person allows another to work for him under such circumstances that no reasonable man would suppose that the latter means to do the work for nothing, he will be liable to pay for it."

In most of the cases where it was held that the services were intended to be gratuitous, a family relation existed between the parties, and that relation gave rise to a presumption of law that the benefit was intended to be gratuitous, in the absence of proof of a contract to pay. Ulrich v. Ulrich, 136 N. Y. 120, 32 N. E. 606, 18 L. R. A. 37. While in this case I do not think that the relationship was of such a character as to give rise to any presumption of law, in the absence of an express contract to pay, that the services were to be gratuitous, nevertheless the plaintiff is still bound to show—

"that they were rendered under such circumstances as authorized the party performing to entertain a reasonable expectation of their payment by the party soliciting the performance." Davidson v. Westchester Gaslight Co., 99 N. Y. 558, 566, 567, 2 N. E. 892, 895.

"A contract or promise to pay, as a matter of fact, requires affirmative proof to establish it. Under certain circumstances, when one man labors for another, a presumption of fact will arise that the person for whom he labors is to pay him the value of his services. It is a conclusion to which the mind readily comes, from a knowledge of the circumstances of the particular case and the ordinary dealings between man and man." Williams v. Hutchinson, 3 N. Y. 312, 317, 318, 53 Am. Dec. 301.

It seems to me that in this case the mind cannot come to such a conclusion. Plaintiff claimed the defendant's house as her home, and re-

fused to leave, when she was ordered out, because it was her home. For 22 years she had lived there, practically without compensation, and the defendant might reasonably, under these circumstances, have supposed that these services were rendered after her father's death with no more expectation of being paid than before her father's death.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.